CIVIL SERVICE PERSONNEL ASSOCIATION, INC., APPELLEE, v. CITY OF AKRON; LOCAL NO. 1360, AMERICAN, FEDERAL, STATE, COUNTY & MUNICIPAL EMPLOYEES, APPELLANT.

(No. 75-1164—Decided October 27, 1976.)

*Mr. Bruce B. Laybourne* and *Mr. Harry A. Tipping,* for appellee.

*Messrs. Miller & Morris, Mr. George B. Vasko, Mr. Adrian V. Hershey, Messrs. Berkman, Gordon, Kancelbaum & Levy* and *Mr. Bernard A. Berkman,* for appellant Local No. 1360.

*Per Curiam.* Appellant contends that a complaint for injunctive relief to force a municipality to conduct an election among its employees, to determine which of two rival employee unions shall represent them, is subject to a motion to dismiss for failure to state a claim for which relief can be granted under Civ. R. 12(B)(6), because no legal or equitable right to such an election exists. Appellant points out there exists no statutory authority for the election ordered by the courts below, and states there exists no common-law right to such an election. Appellant asserts that the maxim "equity will not suffer a wrong to be without a remedy" assumes there exists a right recognized by positive law, and not merely that which may be immoral or unfortunate.

Appellee urges that a Common Pleas Court, in the exercise of its equity jurisdiction, has the authority to hear and determine representation disputes between municipal labor unions. Appellee urges further that municipal employees have the constitutional right, under the Fourteenth Amendment to the United States Constitution, to choose their own bargaining agent.

Where a right is statutory it should not be extended beyond the scope of the statute, however inequitable the result may seem. "Equity follows the law" is the applicable maxim in determining the extent of such a statutory right; E. g.; 20 Ohio Jurisprudence 2d 128; Equity, Section 63. This established rule has long guided courts in instances where rules of law may be ascertained. "Equity follows the law, and cannot be invoked to destroy or supplant a legal right." *In re Dickey* (1949), 87 Ohio App. 255, 264, 94 N. E. 2d 223. When the rights of parties are clearly defined and established by law (especially when the source of such definition is through constitutional or statutory provision) the maxim "equity follows the law" is usually strictly applied.* However, as in the case at bar, where the rights of parties are not thus delineated, broad equitable principles of fairness obtain, and the outcome of each case will be determined in light of such considerations.

As has often been stated, equity will not suffer a wrong to be without a remedy. It is true that even this appealing pronouncement must endure its limitations in the interests of reasonable order. However, contrary to the assertion of appellant, that maxim does not assume that there always exists a right recognized by positive law. "Equity does not undertake to redress wrongs which are violations of moral, as distinguished from legal, obligations, but the final test to distinguish a legal from a moral obligation is whether it will be enforced, or at least recognized as binding, by courts. But the maxim does operate when there is presented to a court of equity a claim to protection against a wrong which is of a nature similar to that which has been recognized and protected, but for which there is no relief established by precedent. In these cases, the court should give such relief as the situation calls for,

---

*An exception to the strict application of the maxim has been declared where the rule of law would operate to sanction fraud or injustice in a particular case. *Channell* v. *NCR Employees' Independent Union* (1970), 27 Ohio Misc. 42, 267 N. E. 2d 432, affirmed, 28 Ohio App. 2d 260, 277 N. E. 2d 85.

if that is possible. Precedents in equity are a guide to the principles of equity, but the absence of precedent for the particular relief sought is no bar to action." McClintock on Equity (2 Ed.), 77 (1948).

This court has recently recognized the right of public employees, under appropriate circumstances, to bargain collectively. See *Dayton Teachers Assn. v. Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, 323 N. E. 2d 714. That right cannot be effectively eliminated for a significant number of such employees through the employer's selection of a bargaining representative that is clearly and convincingly foreign to their interest.

Parties ordinarily are not bound to contract. However, once they voluntarily do so, it is not extraordinary for them to be bound by equitable principles.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern and W. Brown, JJ., concur.

Celebrezze and P. Brown, JJ., dissent.

Paul W. Brown, J., dissenting. Appellant takes the position that the appellee has failed to state a claim upon which relief can be granted; that there is no state of facts that can be established which would give rise to the rights which appellee asserts, since there is no substantive right to an election to determine which of two competing unions may represent the employees of the city of Akron. Appellant also posits that there exists neither a statutory ground, nor a common law ground, upon which to base a substantive right to an election under the circumstances of this case and that equity will not suffice as a basis for the requested relief.

I agree with the appellant's assertions.