OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES ET AL., APPELLEES; *v.* CLEVELAND CITY BOARD OF EDUCATION; SERVICE, HOSPITAL, NURSING HOME & PUBLIC EMPLOYEES UNION, LOCAL 47, APPELLANT.

(No. 42119—Decided August 7, 1980.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Peter J. Gee, Mr. Robert J. Walter* and *Mr. Howard B. Abramoff,* for appellees.

*Gaines, Stern, Schwarzwald & Robiner Co., L.P.A., Mr. Melvin S. Schwarzwald* and *Mr. David N. Mark,* for appellant.

DAY, J. On September 13, 1978, plaintiffs-appellees, Ohio Association of Public School Employees *et al.*[1] (OAPSE or appellees), brought an action for injunctive relief in the Court of Common Pleas of Cuyahoga County, against defendant, the Cleveland City Board of Education (Board). The complaint alleged that OAPSE was the authorized bargaining

---

[1] The plaintiffs included OAPSE Chapter 726 and its elected officers, Gertrude Cole, Claudette Moore, Samella McWhorter, and Mary Kirschner.

agent for the clerical employees in the Cleveland School District and sought an order of the court enjoining the Board from bargaining and entering into an agreement over wages, hours, and working conditions with defendant-intervenor, Service, Hospital, Nursing Home and Public Employees Union, Local 47 (Local 47 or appellant). The complaint further sought an order by the court requiring that an election be held between OAPSE and Local 47 to determine the bargaining representative of clerical employees below the position of chief clerk in the Cleveland School District.

On November 20, 1978, and August 3, 1979, hearings were held on appellees' complaint.

In January 1980, the Board filed a separate complaint against OAPSE seeking a temporary restraining order and injunction prohibiting OAPSE and two local chapters, 726 and 718, from continuing an alleged illegal strike against the Board.[2]

On January 22, 1980, the trial court issued a written order which (1) contained six specific findings relating to appellees' complaint for an injunction (appellees' complaint, September 13, 1978)[3]; (2) granted the Board's request for a temporary

[2] This second complaint was filed in the same case, number 989142, *OAPSE et al. v. Cleveland City Board of Edn. et al.*

[3] The trial court found that:

"1. The existing agreement between the Cleveland City Board of Education and the Service, Hospital, Nursing Home and Public Employees Union, Local 47, can not operate in perpetuity.

"2. The employees of the Cleveland City Board of Education can, at any time, pursue the equitable rights available to them for the purpose of determining their bargaining agent by properly presenting their request in accordance with the rules and regulations of said Board.

"3. The plaintiffs herein have so properly presented their request for recognition to the Board of Education.

"4. The Cleveland City Board of Education has refused to recognize the Ohio Association of Public School Employees, Chapter 726, as the bargaining agent of the group of clerical workers below the position of chief clerk seeking such recognition, and based upon the evidence presented to this Court, has not ordered an election to be held.

"5. Plaintiffs herein have presented sufficient showing of interest by the clerical employees in having Ohio Association of Public School Employees represent them as their sole and exclusive bargaining agent.

"6. It is within the equity power of this Court to order the defendant Cleveland City Board of Education to hold an election to determine who shall be the sole and exclusive bargaining agent of the clerk employees below the position of chief clerk of the Cleveland City Board of Education."

restraining order prohibiting local chapters of OAPSE from engaging in a strike against the Board (Board's complaint, January 1980); and (3) ordered the Board to conduct an election within sixty days to determine the bargaining representative of the clerical employees (appellees' complaint, September 13, 1978).

Appellant subsequently filed a timely notice of appeal and raises four assignments of error. For reasons adduced below the judgment is reversed and the complaint dismissed.

## I.

*Assignments of Error Nos. 1, 2, and 3:*

"1. The trial court erred in ordering the Board of Education to conduct an election to determine the bargaining representative of clerical employees, where Plaintiffs failed to present evidence that representation by the incumbent labor organization is 'clearly and convincingly foreign to [the] interest[s]' of clerical employees.

"2. The trial court erred in ordering the Board of Education to sever the clerical employees from a broader, more comprehensive bargaining unit recognized for many years by the Board of Education, where the clerical employees are being fully and fairly represented by the incumbent labor organization that represents all of the employees in the broader, more comprehensive bargaining unit.

"3. The trial court erred in ordering the Board of Education to conduct an election to determine the bargaining representative of clerical employees, where only 40% of the clerical employees have purportedly shown support for the Plaintiff labor organization."

These assignments of error are interrelated and raise the same issue. They are treated together.

## II.

The issue is whether a trial court may use its equity power and order an election between two labor organizations to determine the bargaining representative for clerical employees of the Cleveland School Board where one labor organization (Local 47) is already established and recognized by the Board as the bargaining agent.

## III.

In *Civil Service Personnel Assn.* v. *Akron* (1976), 48 Ohio

St. 2d 25, the Ohio Supreme Court announced the standard for testing the right of an employer to change recognition of a representative for collective bargaining by public employees. The court said:

"This court has recently recognized the right of public employees, under appropriate circumstances, to bargain collectively. See *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, 323 N. E. 2d 714. That right cannot be effectively eliminated for a significant number of such employees through the employer's selection of a bargaining representative that is clearly and convincingly foreign to their interest." *Id.*, at 28.

The import of this holding is that changes in bargaining representation, by whatever means, are justified only when the existing representation is "clearly and convincingly foreign to their [the public employees'] interest". It follows that a court-ordered representation election is justified in this case only if the requisite finding is made and is supported by the evidence.

## IV.

There is no dispute that Local 47 is the recognized bargaining representative for the clerical employees of the Cleveland School Board. The trial court's evaluation was limited therefore to a determination of whether appellant's representation was "foreign" to the interest of these employees. To this end, appellees presented the testimony of three clerical employee members of OAPSE. In sum, their testimony reveals *only* that they were dissatisfied with the representation by appellant and sought to get other clerical employees to endorse OAPSE as their bargaining representative.

It is not clear from the record that other clerical employees were equally dissatisfied with the appellant. For the record is replete with unchallenged evidence demonstrating that Local 47's representation achieved significant wage increases and benefits exclusively for clerical employees. Evidence in this stance fails to demonstrate that appellant's representation was "clearly and convincingly foreign to [the clerical employees'] interest".

In addition, the opinion of the trial court demonstrates it failed to apply the test stated in *Civil Service Personnel Assn.* v. *Akron, supra.* It made no finding that appellant's represen-

tation was foreign to the interest of appellee clerical employees (see footnote 3, *supra*). Thus, the trial court had no basis for ordering an election.

Accordingly, Assignments of Error Nos. 1, 2, and 3 are well taken.

## V.

*Assignment of Error No. 4:*

"4. The trial court erred in admitting into evidence the approximately 330 authorization cards purportedly signed by clerical personnel, where the overwhelming majority of the cards were received through the mails and Plaintiffs were able to verify and authenticate the signatures on only three of the cards."

Appellees placed in evidence 330 authorization cards allegedly signed by clerical employees desiring a change in their bargaining representative.

It is axiomatic that records or documents may not be admitted in evidence without authentication. In the present case, *only* three employees testified and identified their signatures. No proof was offered by appellees which demonstrated the other signatures were those of clerical employees. Indeed, a review of the record shows that the procedure employed by appellees to acquire these signatures did not lend itself to verification. It was error to receive the cards as evidence of employee intent.

Assignment of Error No. 4 is well taken.

## VI.

The judgment is reversed and the complaint dismissed.

*Judgment reversed.*

KRUPANSKY, J., concurs.

STILLMAN, P. J., dissenting. I find it necessary to respectfully dissent.

In my view, the case before us comes clearly within the purview of *Civil Service Personnel Assn.* v. *Akron* (1976), 48 Ohio St. 2d 25. In the *Akron* case, a petition, signed by employees of certain departments of the city of Akron and addressed to the Mayor, sought to require an election to determine a collective bargaining agent. The basis of the *Akron*

petition was an assertion that a "community of interest" (*id.,* at 25) did not exist between the petitioners and other employees represented by a second union. The trial court found that the petitioning employees were entitled to an election to determine their choice of representation. The Supreme Court held that:

"This court has recently recognized the right of public employees, under appropriate circumstances, to bargain collectively. See *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, 323 N.E. 2d 714. That right cannot be effectively eliminated for a significant number of such employees through the employer's selection of a bargaining representative that is clearly and convincingly foreign to their interest." *Id.,* at 28.

The significant difference between the majority view and my own in the instant case is predicated upon our disparate views of the interests of the two contending unions. The appellant, Local 47, asserts that it is an appropriate representative of the clerical personnel who are seeking affiliation with OAPSE. Local 47 includes within its grouping a miscellaneous selection of employees embracing the following:

" * * * all clerical positions below the classification of Chief Clerk in School, Headquarters and Warehouse, all cleaning women and matrons, all cafeteria workers (but not including Lunchroom Attendants) except Cafeteria Managers, all Junior and Senior Library Aides, all exterminators, piano tuners, typewriter repairmen, * * * ."

The lower court determined that the plaintiffs below presented a sufficient showing of interest to warrant the holding of an election to determine the bargaining agent of the clerical employees below the position of chief clerk. Some 330 employees in a group of approximately 800 presented authorization cards indicating a desire to affiliate with OAPSE. It appears to me that a showing of this magnitude, combined with the representation that only 133 clerks are currently enrolled in Local 47, constitutes evidence that the continued representation of the total group by Local 47 is not necessarily responsive to the interests of the clerical employees.

The action of the trial court in ordering an election under these circumstances appears, therefore, to accord with the broad equitable determination emphasized in the *Akron* case

by the Ohio Supreme Court. Parties who voluntarily agree to contract under the circumstances of the somewhat inchoate legal principles presently in effect in this area of Ohio law should be given the privilege of choosing freely their bargaining representatives.

If the assertion that such a doctrine would lead to unwarranted fragmentation within the labor organizations recognized by the Cleveland Board of Education, it should be noted that OAPSE is not a new addition to the list of unions representing Board employees. The clerks are simply attempting to transfer their bargaining representation to a group which they regard as more readily capable of furthering their interests than the group within which they were included in 1971. I see no logical or legal imperative which dictates continued representation where it is presumably unresponsive. The holding of an election is a simple and clearly functional method by which equitable results could be readily achieved in this case. I see no overriding legal consideration which should impair the right of employees freely to choose their representatives in such a circumstance.