I find it necessary to respectfully dissent.
In my view, the case before us comes clearly within the purview of Civil Service Personnel Assn. v. Akron (1976), 48 Ohio St.2d 25. In the Akron case, a petition, signed by employees of certain departments of the city of Akron and addressed to the Mayor, sought to require an election to determine a collective bargaining agent. The basis of the Akron *Page 106 
petition was an assertion that a "community of interest" (id., at 25) did not exist between the petitioners and other employees represented by a second union. The trial court found that the petitioning employees were entitled to an election to determine their choice of representation. The Supreme Court held that:
"This court has recently recognized the right of public employees, under appropriate circumstances, to bargain collectively. See Dayton Teachers Assn. v. Dayton Bd. of Edn.
(1975), 41 Ohio St.2d 127, 323 N.E.2d 714. That right cannot be effectively eliminated for a significant number of such employees through the employer's selection of a bargaining representative that is clearly and convincingly foreign to their interest." Id., at 28.
The significant difference between the majority view and my own in the instant case is predicated upon our disparate views of the interests of the two contending unions. The appellant, Local 47, asserts that it is an appropriate representative of the clerical personnel who are seeking affiliation with OAPSE. Local 47 includes within its grouping a miscellaneous selection of employees embracing the following:
"* * * all clerical positions below the classification of Chief Clerk in School, Headquarters and Warehouse, all cleaning women and matrons, all cafeteria workers (but not including Lunchroom Attendants) except Cafeteria Managers, all Junior and Senior Library Aides, all exterminators, piano tuners, typewriter repairmen, * * *."
The lower court determined that the plaintiffs below presented a sufficient showing of interest to warrant the holding of an election to determine the bargaining agent of the clerical employees below the position of chief clerk. Some 330 employees in a group of approximately 800 presented authorization cards indicating a desire to affiliate with OAPSE. It appears to me that a showing of this magnitude, combined with the representation that only 133 clerks are currently enrolled in Local 47, constitutes evidence that the continued representation of the total group by Local 47 is not necessarily responsive to the interests of the clerical employees.
The action of the trial court in ordering an election under these circumstances appears, therefore, to accord with the broad equitable determination emphasized in the Akron case *Page 107 
by the Ohio Supreme Court. Parties who voluntarily agree to contract under the circumstances of the somewhat inchoate legal principles presently in effect in this area of Ohio law should be given the privilege of choosing freely their bargaining representatives.
If the assertion that such a doctrine would lead to unwarranted fragmentation within the labor organizations recognized by the Cleveland Board of Education, it should be noted that OAPSE is not a new addition to the list of unions representing Board employees. The clerks are simply attempting to transfer their bargaining representation to a group which they regard as more readily capable of furthering their interests than the group within which they were included in 1971. I see no logical or legal imperative which dictates continued representation where it is presumably unresponsive. The holding of an election is a simple and clearly functional method by which equitable results could be readily achieved in this case. I see no overriding legal consideration which should impair the right of employees freely to choose their representatives in such a circumstance. *Page 108