OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES ET AL., APPELLANTS, *v.* CINCINNATI BOARD OF EDUCATION, APPELLEE.

(No. C-790782—Decided December 31, 1980.)

Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Peter J. Gee and Mr. John F. Gillespie, for appellants.

Messrs. Frost & Jacobs, Mr. James K. L. Lawrence and Mr. Michael F. Haverkamp, for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Appellants filed a complaint in the trial court requesting a temporary restraining order and preliminary and permanent injunctions restraining the appellee, the Cincinnati Board of Education, from bargaining or contracting with any labor organization other than appellant Ohio Association of Public School Employees (hereinafter OAPSE), until an election could be held to determine which of the competing labor organizations should be recognized as the sole and exclusive bargaining agent of certain employees of the Cincinnati Board of Education. Appellants further requested that the trial court order that such election be held. The motion of the Cincinnati Board of Education for summary judgment was granted after affidavits and a deposition were filed. Appellants timely filed their notice of appeal.

In their sole assignment of error appellants contend that the trial court erred in granting summary judgment against them. Appellants raise two issues under this assignment. In their first issue they allege that, in making its decision, the trial court considered evidence which it was precluded from considering under Civ. R. 56. In particular, they allege that the court considered an affidavit which contained facts as to which the affiant

was not competent to testify. The affidavit in question was that of John J. Geiger, the Director of Employee Relations and Civil Service Personnel for the Cincinnati Board of Education. While the affidavit may have contained some allegations of fact of which Geiger could not have had firsthand knowledge, the material facts were reiterated in Geiger's subsequently filed deposition or in documents attached to the pleadings. For that reason any such error was harmless.

In the second issue raised under the assignment of error, appellants contend that the trial court erred in granting summary judgment because there were genuine issues of material fact. In order to determine what facts are material to this controversy, we first review the applicable law.

The Ohio Supreme Court has concluded that a board of education may, if it chooses, negotiate and enter into a collective bargaining agreement with its employees so long as the agreement does not conflict with or attempt to abrogate the duties and responsibilities imposed on it by law. *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127 [70 O.O. 2d 223]. In considering whether a board of education has abused this discretionary authority to decide whether an election should be held to determine which of competing labor organizations should be the recognized collective bargaining agent, the Ohio Supreme Court subsequently concluded that equitable considerations are to be looked to; the court further stated that the right of public employees, under appropriate circumstances, to collectively bargain "***cannot be effectively eliminated for a *significant number* of such employees through the employer's selection of a bargaining representative that is clearly and convincingly foreign to their interest" (emphasis added), *Civil Service Personnel Assn.* v. *Akron* (1976), 48 Ohio St. 2d 25, 28 [2 O.O. 3d 98, 100]. In that case the number of employees dissatisfied with their bargaining representative was 80 percent of the total employees within the relevant positions. *Civil Service Personnel Assn.* v. *Akron* (Summit Cty. Ct. of Appeals No. 7774, October 15, 1975), unreported, affirmed (1976), 48 Ohio St. 2d 25 [2 O.O. 3d 98].

On the evidence before the trial court, herein, on the motion for summary judgment, there is no question that appellee, in the exercise of its discretion, had in effect for 25 years a policy of bargaining collectively with organizations representing its employees. The issue then is applying equitable principles, as required by the *Akron* case, *supra* (48 Ohio St. 2d 25 [2 O.O. 3d 98]), have appellants shown that there is a genuine issue of fact as to whether OAPSE represents a sufficiently "significant number" of employees to require an election.

The employees which OAPSE was attempting to represent were being represented by two different labor organizations, the American Federation of State, County and Municipal Employees, AFL-CIO (hereinafter AFSCME), and the Association of Cincinnati Public School Office Personnel (hereinafter ACPSOP). There were approximately 1,790 employees in the group being represented by AFSCME, and approximately 600 in the group being represented by ACPSOP. OAPSE was able to collect 426 authorization cards, each signed by an employee, stating that such employee authorized OAPSE to be his sole and exclusive bargaining agent. 313 of these cards were signed by employees then being represented by AFSCME, and 113 of them were signed by employees being represented by ACPSOP. According to our computations, this means that approximately 17.5 percent of the AFSCME em-

ployees and 18.8 percent of the ACPSOP employees wished to be represented by OAPSE. We cannot say, on this showing, that appellants have demonstrated a right to equitable relief. Equitable principles would not here require the school board to hold the requested election, there being insufficient evidence to establish that a "significant number" of employees wished to be represented by a different union. We are guided in this determination by the conclusion of the National Labor Relations Board, on the basis of its long and wide experience, that as a general rule no election need be held unless at least 30 percent of the employees concerned have expressed a preference for the organization seeking to become the new, exclusive bargaining agent. Section 101.18(a), 29 C.F.R. This seems to us a sound equitable yardstick.

Appellants contend that because AFSCME and ACPSOP were recognized as sole and exclusive bargaining agents without an election being held, they cannot be assumed to adequately represent the respective employee groups. Assuming the truth of appellants' factual assertion, we cannot accept their conclusion. Where, as here, the existing labor organizations had negotiated and contracted with the employer for more than fifteen years without expressions of dissatisfaction on the part of the employees being represented, the method by which the organizations were originally chosen ceases to have significance. It is appropriate in this situation to assume, until the contrary is shown, that the existing organizations had the support of the employees.

The Cincinnati Board of Education argues that equitable relief should be denied appellants because they did not seek an election until contract negotiations with the recognized unions were almost completed. In view of the fact that we have already determined that appellants have not demonstrated a right to equitable relief, we find it unnecessary to consider this issue. The assignment of error is without merit.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BETTMAN, P.J., PALMER and BLACK, JJ., concur.