OHIO ASSN. OF PUBLIC SCH. EMPLOYEES, ET AL., APPELLANTS, v. BEXLEY CITY SCHOOL DISTRICT BD. OF EDN., ET AL., APPELLEES.

(No. 82AP-100—Decided June 15, 1982.)

Mr. Robert G. Byrom, for plaintiffs-appellants.

Messrs. Bodiker & Holland and Mr. David H. Bodiker, for defendants-appellees.

NORRIS, J. Plaintiffs-appellants appeal from a judgment of the Court of Common Pleas of Franklin County dismissing their complaint for the reason that it failed to state a claim upon which relief can be granted.

According to the complaint filed on November 12, 1981, plaintiff Chapter #123 is a chapter of plaintiff Ohio Association of Public School Employees, a labor organization which represents public school employees with respect to wages and conditions of employment, and Chapter #123 is the recognized representative of the non-certificated employees of defendant Bexley Board of Education. The complaint alleges that Chapter #123 and the board of education had entered into a collective bargaining agreement covering the period from January 1, 1980 to December 31, 1981; that when Chapter #123 attempted to open negotiations with the board of education on November 1, 1981, the board instead elected to negotiate an agreement with a labor organization organized by the board's superintendent of schools who was elected "President Pro Tem" of that organization; that the superintendent organized the other labor organization "* * * for the * * * purpose of * * * circumventing the involvement in the bargaining process of * * * Chapter #123, which has been authorized by a clear majority of the Bexley City Board of Education non-certificated employees to be their sole and exclusive bargaining agent for purposes of negotiating said collective bargaining agreement"; that, if negotiations are permitted between the board and the other labor organization, irreparable injury would result to plaintiffs and "* * * that the employees of the Bexley School District will be denied fair representation in the bargaining process * * *"; that the superintendent is the chief executive officer of both the employer and the employee organization; and that plaintiffs have no adequate remedy at law to stay the negotiations. Plaintiffs sought an order enjoining defendants from negotiating a collective bargaining agreement.

Defendants-appellees filed a motion

seeking to dismiss the complaint for failure to state a claim upon which relief could be granted, pursuant to Civ. R. 12(B)(6), contending that there is no requirement in Ohio that a public employer enter into collective bargaining with its employees. No reasoning was given by the trial court to support its granting of the motion to dismiss.

Plaintiffs raise two assignments of error:

"1. The trial court erred in granting Defendants' motion to dismiss Plaintiffs' action because the court should have recognized Plaintiffs' entitlement to represent the classified employees in the bargaining unit for purposes of bargaining collectively for a new master agreement to replace the contract set to expire on December 31, 1981.

"2. The trial court erred in dismissing Plaintiffs' cause of action without affording Plaintiffs an opportunity to prove, by sworn testimony and evidence at a full evidentiary trial, its right to the relief claimed."

In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that plaintiff can prove no set of facts entitling him to recovery. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223].

Although defendants are correct in their contention that the rule in Ohio is that a board of education, absent the existence of a contractual obligation, is under no duty to negotiate with any employee group, but may elect to recognize an employee group for purposes of collective bargaining for the entire employee bargaining unit (see *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* [1975], 41 Ohio St. 2d 127 [70 O.O. 2d 223]), it does not follow that a board of education may elect to negotiate with an employee organization which represents only a minority of employees, when there exists another employee organization which represents the majority. To do so would violate the most rudimentary concepts of fair play and the public policy that representation by a bargaining agent of the employees' own chosing is a fundamental right in the collective bargaining process. See *Civil Service Personnel Assn.* v. *Akron* (1976), 48 Ohio St. 2d 25 [2 O.O.3d 98], at 28. Once the board voluntarily entered into collective bargaining, it was bound by equitable principles. Accordingly, if the board abused its discretion, it may be enjoined. See *Cincinnati* v. *Wegehoft* (1928), 119 Ohio St. 136; *State, ex rel. Harrison,* v. *Perry* (1925), 113 Ohio St. 641, at 649. We hold that a school board abuses its discretion when it selects for its employees a bargaining representative foreign to their interests. That is precisely what plaintiffs alleged in their complaint. See *Civil Service Personnel Assn.* v. *Akron, supra.*

Plaintiffs having alleged a set of facts that would entitle them to an order enjoining the board of education from negotiating with the other labor organization, the trial court improperly sustained defendants' motion to dismiss, and the first assignment of error is sustained to that limited extent.

We express no opinion as to whether or not the trial court committed error as contended by the second assignment of error; in view of our having sustained the first assignment of error, any error which might have been committed by the trial court would not be prejudicial to the plaintiffs' cause. The second assignment of error is overruled.

The first assignment of error is sustained to the extent noted above, the second assignment of error is overruled, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings according to law. We have not addressed the other

claims for relief, set out in the complaint and alluded to in the first assignment of error, which are dependent upon the rights and obligations of the parties, which arose from their collective bargaining agreement, for the reason that the complaint was not subject to dismissal so long as it stated any claim upon which relief might be granted.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and McCORMAC, J., concur.