**CALLICOAT**

v.

**CALLICOAT et al.**

Court of Common Pleas of Ohio,
Franklin County.

No. 94CVH–05–3490.

Decided Aug. 3, 1994.

*Shuler, Plank, Morgan & Brahm, Douglas S. Morgan* and *Franklin E. Eck, Jr.,* for plaintiff.

*Wayne A. Brown,* for defendants.

---

ALAN C. TRAVIS, Judge.

This matter comes before the court upon the complaint of plaintiff, Melissa Callicoat, for judicial dissolution of the corporation, Callicoat, Inc., and for appointment of a receiver. An evidentiary hearing was held on July 8, 1994 to determine whether the corporation should be dissolved. At the request of the court, both parties filed memoranda in support of their respective positions.

In the hearing of July 8, 1994, the issues were (1) whether the court could consider the request for judicial dissolution at that time, and (2) whether the elements of R.C. 1701.91(A)(4) have been met so that the corporation should be judicially dissolved. In addition, plaintiff sought appointment of a receiver under R.C. 1701.91. Plaintiff argues that judicial dissolution of Callicoat, Inc. and the appointment of a receiver to wind up the affairs of Callicoat, Inc. are warranted at this time.

Judicial dissolution of corporations is governed by R.C. 1701.91. This statute states in pertinent part as follows:

"(A) A corporation may be dissolved judicially and its affairs wound up:

" * * *

"(4) By an order of the court of common pleas of the county in this state in which the corporation has its principal office, in an action brought by one-half of the directors when there is an even number of directors or by the holders of shares entitling them to exercise one-half of the voting power, when it is established that the corporation has an even number of directors who are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock. * * * "

Plaintiff concludes judicial dissolution may be ordered following a hearing after the filing of the complaint and need not await the later scheduled trial of other issues in the case. Defendants are of the belief that dissolution cannot be ordered before trial of the case concludes.

█ Review of the pertinent statute reveals that in an action for judicial dissolution, the court can appoint a receiver to manage the affairs of a corporation until a full hearing can be had on the issue of dissolution. Subparagraph (C) of R.C. 1701.91, provides that:

"[U]pon the filing of a complaint for judicial dissolution, the court with which it is filed shall have power to * * * appoint a receiver * * * to carry on the business of the corporation *until a full hearing can be had.* * * * " (Emphasis added.)

The statute provides for "a hearing" on the issue of dissolution and makes no mention of a trial. The distinction between a hearing and a trial has been noted in Black's Law Dictionary (5 Ed.1979). Black's defines "hearing" as a "[p]roceeding of relative formality (though generally less formal than a trial), generally public, with definite issues of fact or of law to be tried, in which witnesses are heard and parties proceeded against have the right to be heard, and is much the same as a trial and may terminate in a final order." *Id.* at 649.

It must be presumed that the legislature was aware of the distinction between a hearing and a trial and determined that court-ordered dissolution of a corporation would follow a judicial hearing, not a full trial. Further, it is the practice of courts in Ohio to decide the issue of corporate dissolution by means of an evidentiary hearing. See *Hunt v. Kegerreis* (Nov. 8, 1979), Monroe App. No. 523, unreported; *Sergakis v. White* (Oct. 2, 1984), Jefferson App. No. 83–J–13, unreported. In *Hunt* the trial court determined following an evidentiary hearing that a corporation should be dissolved. In the instant case, both defendants, Gary Callicoat and Callicoat, Inc., had notice of the hearing scheduled for July 8,

1994 and were given the opportunity to be heard on plaintiff's claim for judicial dissolution. The court finds the claim was ripe at the July 8, 1994 hearing.[1]

■ For this court to order judicial dissolution of Callicoat, Inc., it is necessary that the plaintiff show that the two directors and sole shareholders, Melissa Callicoat and Gary Callicoat, are deadlocked in the management of the corporation's affairs. The testimony at the hearing of July 8, 1994 established that there are two directors and two fifty-percent shareholders in Callicoat, Inc.: plaintiff Melissa Callicoat and defendant Gary Callicoat. Melissa Callicoat desires that the corporation be dissolved. Gary Callicoat opposes dissolution. The directors also differ over the day-to-day management strategy of the corporation. Gary Callicoat has excluded Melissa Callicoat from any part of the management and operation of the corporation. Finally, the directors and shareholders disagree on the nature of a debt of the corporation to Arthur Baz. Gary Callicoat argues that the debt is a personal rather than a corporate debt, while Melissa Callicoat believes the debt is that of the corporation.

It is clear that there is a deadlock between the directors and shareholders of this corporation. The most basic feature of this corporation, its very existence, is disputed by the directors and shareholders. One wants the corporation to continue, the other wants it dissolved. The two principals of the corporation are at odds over the operation and management and the very existence of the corporation. From the plain and unambiguous evidence, dissolution of Callicoat, Inc. is required by law.

■ Pursuant to R.C. 2735.01(E), a receiver may be appointed to wind up the affairs of a corporation which is subject to judicial dissolution. From the testimony presented, the court finds that it is unlikely that the parties will be able to agree on those decisions which are necessary to the winding-up process. Under the circumstances, appointment of a receiver is appropriate.

Based on the foregoing, the court orders the dissolution of Callicoat, Inc. and that a receiver be appointed to manage the corporation in its daily affairs and the winding up of its affairs.

Plaintiff's claim for actual and punitive damages remains an issue for trial at a later date.

---

1. Moreover, as seen, *infra,* from the testimony of the two directors of the corporation, Gary Callicoat and Melissa Callicoat, the only conclusion that can be reached is that the directors are deadlocked on the management of the corporation. Thus, nothing remains to be determined, as dissolution is required by the statute.

Pursuant to Loc.R. 25.01, counsel for plaintiff shall prepare and circulate an appropriate journal entry which reflects this decision.

*So ordered.*