**INDIANA STATE TEACHERS ASSOCIATION, Plaintiff,**

v.

**BOARD OF SCHOOL COMMISSIONERS OF the CITY OF INDIANAPOLIS, Defendant.**

No. IP 95–895 C B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

March 8, 1996.

---

Richard J. Darko, Lowe Gray Steele & Hoffman, Indianapolis, Indiana, for Plaintiff.

Michael R. Maine, Baker & Daniels, Indianapolis, Indiana, for Defendant.

BARKER, Chief Judge.

This matter is before the Court on Defendant Board of School Commissioners' ("IPS") Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. For the reasons discussed below, IPS' motion is **granted.**

## I.  Standard for Motion to Dismiss

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Triad Assocs., Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir.1989), *cert. denied*, 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). This Court must accept as true all the Plaintiff's factual allegations and must draw all reasonable inferences from the pleadings in favor of the plaintiff. *Midwest Grinding Company v. Spitz*, 976 F.2d 1016, 1019 (7th Cir.1992); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991); *Gillman v. Burlington Northern R. Co.*, 878 F.2d 1020, 1022 (7th Cir.1989). Although a plaintiff need not set out in detail all the facts upon which a claim is based, he must allege sufficient facts to outline the cause of action. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985). "If a plaintiff ... pleads facts and the facts show that he is entitled to no relief, the complaint should be dismissed. There would be no point in allowing such a

lawsuit to go any further; its doom is foretold." *American Nurses' Ass'n v. Illinois,* 783 F.2d 716, 727 (7th Cir.1986).

## II. Background

Plaintiff Indiana State Teachers Association ("ISTA") is a not-for-profit professional association organized to improve the professional status of educational employees in Indiana. Numerous members of ISTA are employed by IPS as non-certificated employees.

In January, 1979, IPS adopted Resolution 7110 ("R. 7110"), which established a non-proliferation policy with regard to collective bargaining. R. 7110 declared that only two bargaining units were appropriate for the purposes of collective bargaining with IPS: a "Teacher Bargaining Unit", and a unit consisting of certain specified "non-certificated Operations employees".[1] (R. 7110; Complaint ¶ 8–9). Before and since the adoption of R. 7110, IPS has recognized a Local of the American Federation of State, County and Municipal Employees, AFL–CIO ("AFSCME") as the exclusive bargaining representative of the non-certificated bargaining unit. IPS has negotiated, executed and adopted collective bargaining agreements with AFSCME, including an agreement which is presently in effect. (Complaint ¶ 10).

On May 5, 1995, ISTA requested an election to determine the exclusive bargaining representative of the non-certificated unit defined in R. 7110. (Complaint ¶¶ 13–14). ISTA informed IPS that it had "acquired an appropriate number of signatures" authorizing ISTA to represent the non-certificated employees, in order to request an election. (Complaint, ¶ 15). In July, 1995 IPS adopted Resolution 7371 ("R. 7371"), denying ISTA's request and acknowledging continued support of AFSCME as the exclusive bargaining

representative for non-certificated employees.

ISTA brought this § 1983 action, alleging that IPS' denial of its election request, and its failure to provide rules under which election requests and other challenges to incumbent exclusive bargaining agents can be made, violates ISTA's Fourteenth Amendment right to equal protection and its members' First Amendment rights of free speech and association.[2] IPS moves to dismiss, asserting that ISTA has failed to allege any set of facts to show that IPS' actions violated either the First or the Fourteenth Amendment.

## III. Discussion

We find that this is a case whose "doom is foretold" by the absence of any Constitutional violation in the factual scenario provided by ISTA. Taking all of the factual allegations in the complaint as true, we find that ISTA can state no claim under either the First Amendment or the Equal Protection clause of Fourteenth Amendment, and thus has no basis for its § 1983 claim.

### A. First Amendment Claim

"The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. And it protects the right of associations to engage in advocacy on behalf of its members." *Smith v. Arkansas State Highway Employees, Local 1315,* 441 U.S. 463, 464, 99 S.Ct. 1826, 1827, 60 L.Ed.2d 360 (1979) (citation omitted). While the First amendment protects the right of employees to associate and speak freely and petition openly, and protects them from retaliation for doing so, both the Seventh Circuit and the Supreme Court have held that it "does

---

1. Non-certificated operations employees, as defined in R. 7110, include transportation employees; office, clerical, technical and business service employees, instructional employees, and, subject to conditions stated elsewhere in R. 7110, guards.

2. No First Amendment claim is expressly raised in the complaint, although both parties discuss it in their briefs in connection with this Motion to

Dismiss. To ensure that all of ISTA's claims are addressed, we will consider both First Amendment and Equal Protection claims in resolving this Motion to Dismiss. *See, Sidney S. Arst v. Pipefitters Welfare Educ. Fund,* 25 F.3d 417, 421 (7th Cir.1994) (district courts have "a duty to consider whether a plaintiff's allegations could provide relief under *any* available legal theory").

not impose any affirmative obligation on the government to listen, to respond or . . . to recognize the association and bargain with it." *Id.*, citing, *Hanover Township Federation of Teachers v. Hanover Community School Corp.*, 457 F.2d 456, 461 (7th Cir. 1972); *Indianapolis Education Assn. v. Lewallen*, 72 LRRM 2071, 2072, 1969 WL 11147 (7th Cir.1969).

■ ISTA contends that IPS employees have a First Amendment right to select the bargaining representative of their choice. In order to support this contention, they attempt to elevate the protections of various federal and state labor laws into Constitutional rights. If the National Labor Relations Act ("NLRA") applied to public employees, we do not doubt that IPS employees would have the *statutory* right to engage in collective bargaining and to select the representative of their choice.[3] But the question here is whether they have this right under the First Amendment of the Constitution. ISTA cites *Texas & N.O.R. Co. v. Brotherhood of Railway & Steamship Clerks*, 281 U.S. 548, 569–71, 50 S.Ct. 427, 433–34, 74 L.Ed. 1034 (1930) for the proposition that "[t]he U.S. Supreme Court has long recognized the constitutional right of employees to select their own bargaining agents without interference from their employers". Brief in Opposition, at 12. The *Texas & N.O.R. Co.* Court merely upheld the constitutionality of provisions of the Railway Labor Act which provided for designation of collective bargaining representatives without interference

from the employer. *Id.*, 281 U.S. at 557–58, 566, 50 S.Ct. at 429, 433. Likewise, *National Labor Relations Board v. Jones & Laughlin Steel Corp*, 301 U.S. 1, 33–34, 57 S.Ct. 615, 622–23, 81 L.Ed. 893 (1937), also cited by ISTA, merely upheld the constitutionality of the NLRA prohibition against interference with selection of bargaining representatives.

It is telling that in both these cases, the source of the right to collective bargaining and selection of bargaining representatives was statutory, not Constitutional; for the Supreme Court has more recently noted that federal labor relations laws do not apply in the public employment context, and that the First Amendment is not a substitute for these statutory protections. *See, Smith*, 441 U.S. at 464, 99 S.Ct. at 1828; *see also, Lewallen*, 72 LRRM at 2072, 1969 WL 11147 (duty to bargain collectively, "when imposed, is imposed by statute").[4] Congress made a decision not to apply the NLRA to public employers and we will not subvert that decision by bootstrapping statutory rights which clearly do not apply in the public employment context into Constitutional ones.[5]

In addition, ISTA cites several state court cases which held that refusal to bargain with public employee organizations and interference in public employees' selection of a bargaining representative were violations of the First Amendment. However, in so holding, these cases relied upon either the NLRA, municipal or state law in recognizing a right of public employees to collective bargaining.[6]

3. Section 158(a)(1) of the NLRA, 29 U.S.C. §§ 151 et seq., provides that:

> It shall be an unfair labor practice for an employer . . . (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title. Section 157 states:
>> "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, . . .".

4. We recognize that both the *Texas & N.O.R. Co.* and *NLRB v. Jones* decisions described the statutory protections at issue as "based on the recognition of the [Constitutional] rights of both [employers and employees]," *NLRB v. Jones*, 301 U.S. at 34, 57 S.Ct. at 623, *quoting, Texas & N.O.R. Co.*, 281 U.S. at 570, 50 S.Ct. at 434. However, as discussed above, both the Supreme

Court and the Seventh Circuit have since made clear their belief that the First Amendment imposes no obligation on public employers to even engage in collective bargaining. *See, Smith*, 441 U.S. 463, 99 S.Ct. 1826; *Hanover*, 457 F.2d 456; *Lewallen*, 72 LRRM 2071.

5. Sections 2 and 7 of the NLRA specifically exclude municipal employees from the right to collectively bargain. 29 U.S.C. §§ 152, 157. *See also, Newport News F.F.A. Loc. 794 v. City of Newport News, VA*, 339 F.Supp. 13 (E.D.Va.1972) (discussing exclusion of public employees from NLRA and limited scope of First Amendment protections).

6. *Civil Service Personnel Association, Inc. v. City of Akron*, 356 N.E.2d 300, 303 (Ohio 1976) (holding that once a right to collective bargaining is given to employees, as it had been by the Ohio

Not only are these state court decisions not binding on this court; they fly in the face of binding Seventh Circuit and Supreme Court precedent which clearly establishes that the NLRA does not apply in this context, and that the First Amendment goes no further than to establish the right to organize and speak without retaliation.[7]

Furthermore, the fact that IPS has voluntarily chosen to conduct collective bargaining with its employees does not create a Constitutional right. *See, Lewallen,* 72 LRRM at 2072 ("Nor does the fact that the agreement to collectively bargain may be enforceable against a state elevate a contractual right to a constitutional right."). Without a constitutional right to collectively bargain, there can be no corresponding constitutional right to select a bargaining representative. Likewise, where, as here, there is no right to collective bargaining, any challenge to the sufficiency of election procedures or the lack thereof necessarily fails to state a claim under the Constitution. In *Babbitt v. United Farm Workers Nat. Union,* which dealt with the collective bargaining rights of agricultural employees, the Supreme Court held that:

> the Constitution does not afford such employees the right to compel employers to engage in a dialogue or even to listen. Accordingly, Arizona was not constitutionally obliged to provide a procedure pursuant to which agricultural employees, through a chosen representative, might compel their employers to negotiate. That it has undertaken to do so in an assertedly niggardly fashion, then, presents as a general matter no First Amendment problems."

442 U.S. 289, 313, 99 S.Ct. 2301, 2316 (1979).

For the reasons discussed above, we find that the First Amendment of the Constitution provides no right to collective bargaining, nor do federal or state statutory protections give that right to the non-certificated public school employees involved here. As a result, they also have no right to select collective bargaining representatives of their choice, or to have procedures in place for doing so. Accordingly, because the facts presented by ISTA can state no First Amendment claim, IPS' Motion to Dismiss is granted with regard to ISTA's First Amendment claim.

### B. Equal Protection Claim

■ ISTA's argument "fares no better in equal protection garb". *Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 54, 103 S.Ct. 948, 959, 74 L.Ed.2d 794 (1983). ISTA's Equal Protection claim rests upon its assertion that IPS Resolutions 7110 and 7371, by recognizing AFSCME as the exclusive representative of non-certificated employees and denying ISTA the opportunity to challenge AFSCME in a representative election, create an arbitrary classification between ISTA and AFSCME.

■ The U.S. Supreme Court recently summarized the standards applicable in equal protection cases:

> Unless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or

---

Supreme Court, it may not be eliminated through the employer's own selection of the bargaining representative); *Kenai Peninsula Borough School District v. Kenai Peninsula Borough School District Classified Association,* 590 P.2d 437, 439–40 (Alaska 1979) (citing *NLRB v. Jones* as support for recognition of a right, which "emanates from the protections afforded by the first amendment", to choose bargaining agent), *City and Borough of Sitka v. International Brotherhood of Electrical Workers, Local Union 1547,* 653 P.2d 332, 338 (Alaska 1982) (relying upon city charter provision requiring the recognition of public employee organizations).

7. *See, Smith,* 441 U.S. at 465–66, 99 S.Ct. at 1828–29 ("Far from taking steps to prohibit or discourage union membership or association, all that the Commission has done in its challenged conduct is simply to ignore the union. That it is free to do."); *Hanover,* 457 F.2d at 462 (where there is no restriction on right to join union, to persuade others to join, or to advocate any specific course of action, and no retaliation or discrimination based upon union membership or activity, there is no First Amendment violation); *Afro–American Police League v. Fraternal Order of Police,* 553 F.Supp. 664, 670 (N.D.Ill.1982) ("while the first amendment protects both the right of an individual to associate with others and the right of an association to engage in advocacy on behalf of its members, it does not impose any affirmative obligation on the government to listen, to respond, or in this context, to recognize the association and bargain with it.") *quoting, Smith,* 441 U.S. at 465, 99 S.Ct. at 1828.

categorizes on the basis of an inherently suspect characteristic, the equal protection clause requires only that the classification rationally furthers a legitimate state interest.

*Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992). As demonstrated above, no fundamental right is implicated in this case, nor is a suspect class involved. Therefore, we must accord the classification a "strong presumption of validity", and apply the rational basis test as described above. *Heller v. Doe,* 509 U.S. 312, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257 (1993); *Scariano v. Justices of Supreme Court of Indiana,* 38 F.3d 920, 924 (7th Cir.1994).

In this case, we find that a rational basis exists for IPS' denial of ISTA's request for an election. As stated by this court in a previous case involving an equal protection challenge to IPS' collective bargaining policies:

> ... the favored position of AFSCME stems from a rational accommodation to the long-standing relationship existing between the Board and AFSCME prior to the declaration of a non-proliferation policy in Resolution 7110.

*Indianapolis Public School Bus Drivers' Ass'n v. Board of School Commissioners of the City of Indianapolis,* No. IP 80–453–C, at 18 (S.D.Ind.1980) (Dillin, J.). In addition, IPS has an existing labor contract with AFSCME and is understandably unwilling to "end unilaterally and abruptly the rights and benefits obtained over the years by AFSCME and its members as contained in the AFSCME labor contract...." *Id.*

We agree with ISTA that this case is not identical to *IPSBDA.* In that case, IPSBDA sought to create and represent only a segment of the non-certificated bargaining unit, thus creating a separate bargaining unit. Judge Dillin held that IPS' non-proliferation policy set forth in R. 7110 was a rational basis for the denial of IPSBDA's request for an election. In that respect, the *IPSBDA* decision is distinguishable from this case. However, this does not mean that the long-standing relationship between AFSCME and IPS, which Judge Dillin also held to be a rational basis for IPS' decision to favor

AFSCME over IPSBDA sixteen years ago, is not also a rational basis for IPS' decision to favor AFSCME over ISTA today.

IPS also cites "labor peace" as a basis for their decision. Labor peace has unquestionably been held to be even a "compelling interest" in the context of public education. *See, Local 858 of A.F. of T. v. School D. No. 1 in Co. of Denver,* 314 F.Supp. 1069, 1077 (D.Co.1970). However, labor peace has traditionally been upheld as a compelling interest or rational basis when a school board seeks to prevent the proliferation of bargaining units, *IPSBDA,* at 18, or "inter-union strife". *Local 858,* 314 F.Supp. at 1077. In this case, it is less clear that the interest of "labor peace" is served by denying a rival union's request for a representative election to determine representation of an existing bargaining unit. In any event, the rational basis standard is not a demanding one, and IPS' preference for continuity in collective bargaining, paired with its long-standing relationship and satisfaction with AFSCME satisfies the standard.

*IPS' Motion to Strike ISTA's "Supplemental Brief"*

IPS also moves to strike ISTA's "Supplemental Brief in Opposition to Motion to Dismiss" which was submitted in response to IPS' Reply Brief, and for which ISTA did not request leave of to file. IPS argues that allowing such a filing would "encourage a 'tennis volley' approach". ISTA argues that its Supplemental Brief was necessary to respond to factual and legal arguments made by IPS for the first time in its Reply Brief. Because we are required to take as true the facts presented by ISTA in its Complaint, any new factual arguments in IPS' Reply Brief were irrelevant to our resolution of the Motion to Dismiss. We find that IPS' Reply Brief, while it may have cited new authority, was responsive to ISTA's Brief in Opposition to Motion to Dismiss. To the extent IPS' Reply Brief presented new authority or new legal issues, it had no effect on our resolution of the Motion to Dismiss. As a result, ISTA's Supplemental Brief was unnecessary and had no effect on our decision. Therefore, IPS' Motion to Strike is **denied as moot.**

## CONCLUSION

We recognize that IPS' distinction between AFSCME and ISTA may effectively prevent ISTA from ever challenging AFSCME's tenure as exclusive bargaining representative for the non-certificated employee bargaining unit. Be that as it may, it is not a violation of either the First or the Fourteenth Amendment. The factual allegations in ISTA's complaint, while they describe what might be considered an "unfair" preference for AFSCME over ISTA (and what would presumably be an "unfair labor practice" under the NLRA) cannot state a § 1983 claim based upon violations of the First or Fourteenth Amendments. Accordingly, IPS' motion to dismiss is **granted** with respect to all of ISTA's claims.

It is so ORDERED.