[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION.
 TRIAL NO. A-9900518
{¶ 1} Plaintiff-appellee, Dr. Piotr Chomczynski, was the majority shareholder and defendant-appellant, Dr. Laxmi Srivastava, was the minority shareholder of Cinna Scientific, Inc. The parties formed the corporation in 1987 to market and distribute RNAzol, an RNA isolation reagent that Chomczynski had invented. Chomczynski was to contribute his invention and his scientific knowledge and Srivastava was to contribute his business knowledge and connections.
{¶ 2} Cinna's business was limited to buying RNAzol and two other related products from Molecular Research Center, Inc., a corporation in which Chomczynski was the sole shareholder. Chomczynski also owned the patents on all the products, which were his inventions. Cinna then resold the products to two distributors in Texas, who sold the products to the researchers who used them and then paid Cinna.
{¶ 3} Over time, disputes arose between the parties regarding numerous issues relating to the corporation. Finally, in 1999, Srivastava filed a complaint against Chomczynski and several other individuals alleging, among other things, breach of fiduciary duty, conversion and fraud. That case was assigned the number A-9900518.
{¶ 4} On April 27, 2000, Srivastava, Chomczynski, and Chomczynski's wife, Dr. Judith Heiny, who had previously been an officer and director of Cinna, attended Cinna's annual shareholder meeting. Srivastava and Heiny were elected to Cinna's board of directors. Immediately afterward, they held the annual directors' meeting where the first order of business was to elect officers. Srivastava and Heiny each declined nominations to serve as president. There were no other nominations and no election occurred. Srivastava also declined nomination as treasurer and was "not prepared to take nominations for anybody." Thus, no officers were elected. Chomczynski and Heiny formally tendered their resignations from any officer positions they had previously held with Cinna.
{¶ 5} Shortly after the meeting, Srivastava, and then Heiny, resigned as directors, and, since that time, Cinna has had no officers or directors. It has not even had any candidates to serve as officers or directors, mostly due to Srivastava's threats of litigation. Cinna has never had any employees, as Srivastava objected to Chomczynski being employed by Cinna or receiving a salary. It has had no production or research facilities, as it has never produced the products it has sold, and it has not had any agreement in effect to obtain those products. Consequently, since shortly after the shareholders' and directors' meetings, Cinna has had no officers, directors, employees or products to sell.
{¶ 6} Chomczynski subsequently filed an action, numbered A-0002627, seeking judicial dissolution of the corporation pursuant to R.C. 1701.91(A)(2)(c). The trial court appointed a receiver to conduct Cinna's affairs while the case was pending and consolidated the case with the one numbered A-9900518, the case Srivastava had previously filed.
{¶ 7} The trial court granted Chomczynski's application for dissolution of the corporation. It found that "the accomplishment of the objects of the corporation is impracticable, that the objects of the corporation have been abandoned, and that without the assistance of the court ordered receiver the objects of the corporation will wholly fail." The court further held that while the order of dissolution did not resolve all of the parties' claims in the consolidated actions, it was a final order and that there was no just reason for delay pursuant to Civ.R. 54. See R.C. 1701.91(E). Srivastava has filed a timely appeal from that order.
{¶ 8} Srivastava presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in granting Chomczynski's application for judicial dissolution of Cinna under R.C. 1701.91. He argues that Chomczynski failed to demonstrate the elements required by the statute, and that judicial dissolution was inappropriate in this case. This assignment of error is not well taken.
{¶ 9} A corporation is a legal entity created and regulated by statute in derogation of the common law. Jordan v. Global NaturalResources, Inc. (S.D.Ohio 1983), 564 F. Supp. 59, 68. It is an artificial person, created by the General Assembly and deriving its power, authority and capacity from Ohio's statutes governing corporations. Bd. of Edn. ofWorthington City School Dist. v. Bd. of Revision of Franklin Cty.,85 Ohio St.3d 156, 160, 1999-Ohio-449, 707 N.E.2d 499; Union SavingsAssn. v. Home Owners Aid, Inc. (1970), 23 Ohio St.2d 60, 62,262 N.E.2d 558. Being a creature of statute, it can act in no other way than that set forth by statute. State ex rel. Cullitan v. Stookey
(1953), 95 Ohio App. 97, 105-106, 113 N.E.2d 254.
{¶ 10} R.C. 1701.91(A)(2)(c) provides that a corporation may be dissolved judicially by an order of the court of common pleas of the county in which the corporation has its principal office, "in an action brought by holders of shares entitled to dissolve the corporation voluntarily, when it is established * * * that the objects of the corporation have wholly failed or are entirely abandoned or that their accomplishment is impracticable [.]"
{¶ 11} Here, the undisputed evidence showed that Cinna's contracts had expired, that it had no business to conduct and that it had no officers, directors or employees. A corporation cannot act on its own, but only through the authorized acts of its agents or alter egos, the officers charged with its management. Tokles Son, Inc. v. MidwesternIndemnity Co. (1992), 65 Ohio St.3d 621, 627, 605 N.E.2d 936. Srivastava contends that Chomczynski, as majority shareholder, could have elected new directors at any time. This argument, however, ignores the evidence that there were no candidates to serve as officers and directors.
{¶ 12} Without any business to conduct or any agents to conduct it, the corporation's objects wholly failed and their accomplishment was impracticable. Consequently, the requirements of the statute were met and the trial court properly granted the application for judicial dissolution. See Frank Lerner Associates, Inc. v. Vassy (1991),74 Ohio App.3d 537, 546, 599 N.E.2d 734; Nozik v. Mentor Lagoons, Inc. (May 6, 1994), 11th Dist. No. 93-L-057; Callicoat v. Callicoat (C.P. 1994), 73 Ohio Misc.2d 38, 41, 657 N.E.2d 874. Srivastava's arguments regarding Chomczynski's alleged misconduct are not relevant to the dissolution action. They are more properly addressed in the other action between the parties, numbered A-9900158, which is still pending.
{¶ 13} Srivastava also argues that judicial dissolution of a corporation by the majority shareholder under R.C. 1701.91 is inappropriate when voluntary dissolution is available under R.C. 1701.86. He cites several older cases from other states supporting this proposition, but we find nothing in Ohio case law or in the statutes themselves supporting such a proposition.
{¶ 14} To the contrary, R.C. 1701.91(A)(2) permits judicial dissolution only when the applicant is also authorized to seek voluntary dissolution. Further, neither statute expresses a preference for either voluntary or judicial dissolution. Thus, the statutes seem to contemplate them as equally available alternatives, see Smitko v. Schiano (June 17, 1988), 11th Dist. No. 1370, and a court may grant a judicial dissolution as long as the statutory requirements are met. To adopt Srivastava's position would require us to rewrite the statutes and to add an extra requirement that does not exist, which we cannot do. See Seely v.Expert, Inc. (1971), 26 Ohio St.2d 61, 71-72, 629 N.E.2d 121; In reBurchfield (1988), 51 Ohio App.3d 148, 152, 555 N.E.2d 325.
{¶ 15} Further, Srivastava's claims that judicial dissolution would benefit Chomczynski as the majority shareholder at Srivastava's expense and that a voluntary dissolution would preserve his rights in the pending action are erroneous. R.C. 1701.91(D) discusses the entry of an order of judicial dissolution. It then goes on to state,
 {¶ 16} To the extent consistent with orders entered in such proceeding, the effect of such judicial dissolution shall be the same as in the case of voluntary dissolution, and the provisions of sections 1701.88, 1701.89 and 1701.90 of the Revised Code relating to the authority and duties of directors during the winding up of the affairs of a corporation dissolved voluntarily, with respect to the jurisdiction of courts over the winding up of the affairs of a corporation, and with respect to receivers for winding up the affairs of a corporation shall be applicable to corporations judicially dissolved.
 {¶ 17} Thus, the effect on the pending action would be the same whether the corporation was voluntarily or judicially dissolved. Srivastava's claims, if found to be valid, can be addressed by a court in winding up the affairs of the corporation.
{¶ 18} Further, neither statute prevents shareholders from benefiting from a dissolution. That Chomczynski, as majority shareholder, might receive a benefit from the judicial dissolution does not prevent that dissolution or require a voluntary dissolution. SeeReynolds v. Morris (Sept. 30, 1997), 10th Dist. Nos. 97APE02-227 and 97APE02-252.
{¶ 19} Finally, Srivastava argues that Chomczynski is barred from obtaining a judicial dissolution under the doctrine of unclean hands due to his repeated breaches of his fiduciary duty to Cinna. As we have previously stated, the dissolution of a corporation is purely statutory, and those statutes entirely define the rights of the parties. The trial court's equity jurisdiction was not invoked, and the equitable doctrine of "unclean hands" did not apply in this case. Civ. Serv. PersonnelAssn. v. Akron (1976), 48 Ohio St.2d 25, 27, 356 N.E.2d 300; JamestownVill. Condominium Owners Assn. v. Market Media Res., Inc. (1994),96 Ohio App.3d 678, 688, 645 N.E.2d 1265; American Rents v. Crawley
(1991), 77 Ohio App.3d 801, 804, 603 N.E.2d 1079. Accordingly, we overrule Srivastava's first assignment of error.
{¶ 20} In his second assignment of error, Srivastava argues that the trial court erred in proceeding with the hearing on the application for dissolution and in granting the application. He argues that Chomczynski failed to produce crucial documents during discovery relevant to the issue of dissolution and that those documents were the subject of a pending motion to compel. This assignment of error is not well taken.
{¶ 21} The record shows that at the dissolution hearing Srivastava stated that he had not received certain discovery, but that he was willing to go forth with the hearing. He asked the court to delay a decision until after he received discovery and to allow him to supplement the record if necessary. The record demonstrates that he received discovery materials after the hearing, but that he made no effort to supplement the record, even though he did file a post-hearing brief in opposition to the dissolution. The court's decision on the application and the final judgment entry were not filed until several weeks after the hearing, giving Srivastava adequate time to receive discovery or to file a motion if he did not. Consequently, we hold that Srivastava waived any error related to the failure to provide discovery. See Stores Realty Co.v. Cleveland (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629; Merrit v.Trippy (Feb. 12, 1999), 6th Dist. No. WM-97-026; Fifth Third Bank v.Crosley (Dec. 12, 1997), 1st Dist. No. C-961108; Ward v. Campbell SoupCo. (Apr. 3, 1996), 1st Dist. No. C-950366.
{¶ 22} Further, management of the discovery process lies solely within the trial court's discretion. A reviewing court will not reverse a trial court's decision regarding discovery absent an abuse of that discretion. Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578,592, 664 N.E.2d 1272; Glick v. Marler (1992), 82 Ohio App.3d 752, 758,613 N.E.2d 254. The discovery materials sought by Srivastava related to Chomczynski's alleged breach of fiduciary duty and other issues that were relevant to the case numbered A-9900158, but not to the application for the dissolution of Cinna. Under the circumstances, the trial court's decision to go forward with the hearing on the application for dissolution without the discovery materials Srivastava sought was not so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218,450 N.E.2d 1140. Accordingly, we overrule Srivastava's second assignment of error, and we affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., Hildebrandt and Gorman, JJ.