CHANNELL, APPELLEE, *v.* N. C. R. EMPLOYEES' INDEPENDENT UNION ET AL., APPELLANTS.

(Nos. 3591, 3592—Decided January 11, 1971.)

*Messrs. Young, Pryor, Lynn, Strickland & Falke,* for appellee.

*Messrs. Goldman, Cole & Putnick* and *Mr. Paul H. Tobias,* for appellants.

CRAWFORD, J. This is an appeal on questions of law from a judgment or order of the Court of Common Pleas on February 10, 1970, granting plaintiff's motion for attorney fees in the sum of $5,150.00. A brief opinion of the trial court appears in 27 Ohio Misc. 42.

On November 16, 1967, judgment had been entered on the merits in these two consolidated cases. The combined decision and entry of the court at that time contained the following language:

"The court finds from the evidence that the recall of the plaintiff from his office of President of the N. C. R. Employees' Independent Union by the National Executive Committee of said Union, the defendants herein, on July 11, 1967, was unwarranted, unauthorized, arbitrary, capricious and contrary to law.

"The court has examined the constitution and by laws of the Union. Its terms and conditions having to do with 'recall of officers' is plain, explicit and unambiguous. The procedure employed by the defendants, which upon the record is not in dispute, in removing the plaintiff from his office was the usurpation of power by force as if by right.

"The merit of the charges made against the plaintiff resulting in his unlawful removal cease to be an issue.

"Inasmuch as the removal of the plaintiff was void and of no force and effect from the beginning the subsequent action taken with respect to the vote for reinstatement of the plaintiff, followed by the vote to reconsider the vote on reinstatement, is of little or no consequence, hence the issues thereby alluded to by the parties are not decisive of the rights of the plaintiff.

"Plaintiff has suffered irreparable injury and is without an adequate remedy at law.

"It is therefore ordered, adjudged and decreed, that the defendants shall forthwith reinstate the plaintiff to his office as President of the N. C. R. Employees' Independent Union, together with all the privileges and rights of said office.

"* * *

"Further it is ordered that the defendant Union restore unto the plaintiff his salary as such President of said Union, retroactive to the date it was discontinued."

While notices of appeal from that judgment were filed in both cases, apparently they were never pursued. There is no bill of exceptions on the merits, as heard prior to the judgment. Hence, it must be presumed that the court's findings were supported by the evidence.

The bill of exceptions which is now before us pertains only to the hearing which preceded the order for attorney fees presently appealed from. It contains a stipulation of counsel that the sum of $5,150 is a reasonable attorney fee, if one were to be allowed.

This bill of exceptions also contains evidence that at a regular membership meeting of the defendant union on September 12, 1967, a motion was passed by a substantial majority of those present (203 to 79) to pay the attorney fee. Defendant claims that there was not a quorum present at the time and that the meeting had already been adjourned. The judgment appealed from was not based upon that action.

Attorney fees, reasonably expended, may be allowed in proper cases as part of compensatory damages. They are not in the nature of punitive damages. 16 Ohio Jurisprudence 2d 142, Damages, Section 119.

However, it is sometimes said (*id.* at 118), that if the case is such as to justify punitive damages, as, for example, when a defendant acts from malice, reasonable counsel fees may be considered part of compensatory damages. Perhaps as a result of such language, courts have

sometimes considered the question of allowance of attorney fees in connection with the presence or absence of cause, such as malice, for punitive damages.

Since the nature of punitive damages is different from that of compensatory damages for legal fees reasonably expended, it may not be assumed that the test will be the same for both. Nevertheless, courts often consider the motives, and the good or bad faith with which a defendant acted, in deciding upon the allowance of fees.

We find no fixed rule as to when it is proper to allow attorney fees in such a case as this. From the references to A. L. R. it would appear that in other jurisdictions they have been allowed and disallowed in a variety of situations. See 74 A. L. R. (2d) 783, 803, Section 9(a), 812, Section 9(f) ; 9 A. L. R. (2d) 1045.

There is apparently no clear guide in Ohio. Defendants emphasize the case of *Palmer* v. *Darby* (1895), 2 N. P. 401, affirmed, 64 Ohio St. 520 (1901). In that case, the Court of Common Pleas denied an attorney fee to a party who prevailed in a quo warranto proceeding for the office of village councilman. In affirming, the Supreme Court merely construed the statute, R. S. 6778 (R. C. 2733.18) by defining the generally accepted usage of the word "damages" found therein.

We quote from significant observations in the opinion of the Court of Common Pleas in deciding this issue. He repeated his prior comment that the defendants action was "unwarranted, unauthorized, arbitrary, capricious, and contrary to law." He also said:

"Prior to the whimsical action of the defendant officers and members of defendant union the parties were possessed of an equality related to a likeness in possessing the same rights and being liable to the same duties. These same officers and members knowingly removed Channell from his office by the usurpation of power by force as if by right and then defended their collective action in this court but called upon the Union treasury to pay for the entire defense.

"The commands of the times are upon us As such the

equity maxim 'equity will not permit a wrong without a remedy' and 'equality is equity' should be invoked.

"In rendering justice the word 'equal' implies, not identity, but duality, the use of one thing as the measure of another.

"The court just feels that under the undisputed facts and circumstances presented here that its equitable jurisdiction requires a holding that public policy should prevail. Thus, where the officers and governing members of a union oust a member of the official family for no apparent reason and thereafter pay for the defense of their action from the union treasury equal justice demands a corresponding obligation to pay for the prosecution of restoration.

"Accordingly plaintiff's motion should be and it is hereby sustained and plaintiff should recover as and for attorney fees herein the sum of $5,150."

Finding no fault with this reasoning, or the justice of the conclusion, in the absence of any positive rule or law to the contrary, we would not be justified in setting aside the order appealed from as being either unjust or unlawful.

The order or judgment appealed from will accordingly be affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.