SORIN, APPELLEE, v. BOARD OF EDUCATION OF WARRENSVILLE
HEIGHTS SCHOOL DISTRICT, APPELLANT.

[Cite as Sorin v. Bd. of Edn. (1976), 46 Ohio St. 2d 177.]

(No. 75-606—Decided May 12, 1976.)

*Messrs. Berkman, Gordon & Kancelbaum, Mr. Bernard A. Berkman* and *Mr. Joshua J. Kancelbaum,* for appelpellee.

*Mr. Sheldon P. Weitzman* and *Mr. Anthony A. Gedos,* for appellant.

*Per Curiam.* Appellee recognizes that the general "American rule" does not permit the prevailing party to recover attorney fees, in the absence of statutory authorization, as part of the costs of litigation. See *Alyeska Pipeline Service Co.* v. *Wilderness Society* (1975), 421 U. S. 240, 44 L. Ed. 2d 141, 147; *F. D. Rich Co.* v. *Industrial Lumber Co.* (1974), 417 U. S. 116, 126. See, also, 1 Speiser, Attorneys' Fees, Sections 12.1, 12.3 (1973). This rule is followed in Ohio. See *Shuey* v. *Preston* (1961), 172 Ohio St. 413; *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599; *Euclid* v. *Vogelin* (1950), 152 Ohio St. 538; *State, ex rel. Beebe,* v. *Cowley* (1927), 116 Ohio St. 377. The rationale behind the creation and perpetuation of the aforesaid rule is that "[t]he subject of costs is one entirely of statutory allowance and control." *State, ex rel. Michaels,* v. *Morse, supra,* (165 Ohio St. at 607).

We are well aware that the "American rule" has been criticized in recent years,[1] but, in our view any departure

---

[1]See, *e. g.,* McLaughlin, the Recovery of Attorney's Fees: A New Method of Financing Legal Services, 40 Fordham L. Rev. 761 (1972); Ehrenzweig, Reimbursement of Counsel Fees and the Great Society, 54 Cal. L. Rev. 792 (1966); Stoebuck, Counsel Fees Included in Costs: A Logical Development, 38 U. Colo. L. Rev. 202 (1966); Kuenzel, The Attorney's Fee: Why Not a Cost of Litigation? 49 Iowa L. Rev. 75 (1963); McCormick, Counsel Fees and Other Expenses of Litigation as an Element of Damages, 15 Minn. L. Rev. 619 (1931); Comment, Court Awarded Attorney's Fees and Equal Access to the Courts, 122 U. Pa. L. Rev. 636, 648-655 (1974); Notes, Attorney's Fees: Where Shall the Ultimate Burden Lie? 20 Vand. L. Rev. 1216 (1967). See also 1 Speiser, *supra,* Section 12.8; Posner, An Economic Approach to Legal Procedure and Judicial Administration, 2 J. Legal Studies 399, 437-438 (1973).

from such a deeply-rooted policy as the exclusion of attorney fees as costs is a matter of legislative concern.

Appellee contends, however, that "[a]n award of attorney fees is within the purview of an action under Section 3319.16 of the Revised Code and the pleadings in this case."

R. C. 3319.16 provides, in pertinent part:

"Any teacher affected by an order of termination of contract may appeal to the Court of Common Pleas of the county in which the school is located * * *. Such appeal shall be an original action in said court and shall be commenced by the filing of a petition against such board, in which petition the facts shall be alleged upon which the teacher relies for a reversal or modification of such order of termination of contract. * * * The court shall examine the transcript and record of the hearing and shall hold such additional hearings as it deems advisable, at which it may consider other evidence in addition to such transcript and record.

"Upon final hearing, *the court shall grant or deny the relief prayed for in the petition as may be proper in accordance with the evidence adduced in the hearing. * * *"* (Emphasis added.)

Appellee contends that the emphasized portion of R. C. 3319.16 set forth above impliedly permits the Court of Common Pleas, in the exercise of its equitable powers, to permit the recovery of attorney fees in situations where the public policy of this state would otherwise be subverted.

We disagree. The General Assembly has expressly provided for the recovery of attorney fees, as part of the costs of litigation, with respect to certain statutory actions. See, *e. g.,* R. C. 163.21, 309.13, 733.61, 1313.51, 5519.02. See, also, *Billington* v. *Cotner* (1974), 37 Ohio St. 2d 17; *State, ex rel. White,* v. *Cleveland* (1973), 34 Ohio St. 2d 37; *Shuey* v. *Preston, supra.* In light of the expressed precedent in this state, *State, ex rel. Michaels,* v. *Morse, supra,* we defer to the General Assembly on the matter of statutory authorization of recovery of attorney fees as part of the costs of litigation. Accordingly, we hold that R. C. 3319.16 does

not provide statutory authorization for the recovery of attorney fees in the case at bar.

Appellee's final contention is that attorney fees may be awarded, as an exception to the "American rule," as part of the relief granted a petitioner in actions where the losing party has acted in bad faith, vexatiously, wantonly, obdurately, or for oppressive reasons. In support of his assertion, appellee cites *Pope* v. *Pollock* (1889), 46 Ohio St. 367; *Roberts* v. *Mason* (1859), 10 Ohio St. 277; *Fortman* v. *Rottier* (1858), 8 Ohio St. 548; *Tomlinson* v. *Warner* (1839), 9 Ohio 104; *Channell* v. *N. C. R. Union* (1971), 28 Ohio App. 2d 260; and *Stolberg* v. *Members of Bd. of Trustees for State College of Conn.* (C. A. 2, 1973), 474 F. 2d 485.

In *Roberts* v. *Mason, supra*, an action in tort to recover damages for an assault and battery, the court held, in the syllabus:

"In an action to recover damages for a tort which involves the ingredients of fraud, malice, or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages; and this they may do, although the defendant may have been punished criminally for the same wrong.

"In such a case, the jury may, in their estimate of *compensatory* damages, take into consideration and include reasonable fees of counsel employed by the plaintiff in the prosecution of his action."

The rule enunciated in *Roberts* v. *Mason, supra,* has consistently been followed in Ohio, although without agreement as to whether such attorney fees are allowable as compensatory,[2] or as punitive,[3] damages. We do not depart from this well-settled rule of law, but do not perceive its application to the instant cause. The cases relied upon

[2]See, *e. g.*, *United Power Co.* v. *Matheny* (1909), 81 Ohio St. 204; *Stevenson* v. *Morris* (1881), 37 Ohio St. 10; *Finney* v. *Smith* (1877), 31 Ohio St. 529; *Smith* v. *Pittsburg, Fort Wayne & Chicago Ry. Co.* (1872), 23 Ohio St. 10.

[3]See, *e. g.*, *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178 (*dictum*); *Smithhisler* v. *Dutter* (1952), 157 Ohio St. 454; *Peckham Iron Co.* v. *Harper* (1884), 41 Ohio St. 100.

by appellee; with the exception of *Channell* v. *N. C. R.: Union, supra*[4] and *Stolberg* v. *Members of Bd. of Trustees. for State College of Conn., supra*,[5] involved actions for malicious prosecution, assault and battery, and other re-lated theories sounding in tort. They did not involve, as here, an action, instituted pursuant to a specific statutory provision, brought for the purpose of terminating a con-tract.

Moreover, in his complaint filed in the Court of Com-mon Pleas, appellee did not allege that the R. C. 3319.16 proceedings were instituted by appellant in bad faith, vex-atiously, wantonly, obdurately, or for oppressive reasons.[6]

[4] In *Channell*, the plaintiff was recalled from his office of president of the defendant union. The Court of Common Pleas held plaintiff's removal from office to be "unwarranted, unauthorized, arbitrary, capricious and contrary to law." Upon motion of the plaintiff for at-torney fees, the Court of Common Pleas granted same. The Court of Appeals affirmed, stating: "in the absence of any positive rule or law to the contrary, we would not be justified in setting aside the order appealed from as being either unjust or unlawful." It is apparent, then, that the Court of Appeals did not develop its reasoning for affirmance of the award of attorney fees. Since we are, of course, not bound by decisions of the various Courts of Appeals in this state, and since we are unpersuaded by the "reasoning" of the Court of Appeals in *Chan-nell*, we reject application of *Channell* to the cause at bar.

[5] In *Stolberg*, the plaintiff, a college assistant professor, instituted an action pursuant to Section 1983, Title 42, U. S. Code, based upon the nonrenewal of his teaching contract, and consequent denial of tenure, allegedly accomplished in violation of his First and Fourteenth Amend-ment rights. *Stolberg*, then, was a Section 1983 action brought to vindicate a deprivation of constitutional rights, and was not, as here, an appeal of a termination of contract proceeding before an administra-tive tribunal pursuant to a specific statutory provision.

[6] Appellee's complaint, in pertinent part, alleged:

"1. Plaintiff brings this action pursuant to the provisions of Section 3319.16 of the Ohio Revised Code.

"* * *

"4. Plaintiff says that the action of the defendant in terminating said contract of employment should be reversed by reason of the fol-lowing facts, to-wit:

"a. The charges issued against plaintiff were inadequate as stated to permit termination of plaintiff's contract during its term.

Furthermore, neither the Court of Common Pleas nor the Court of Appeals below expressly held that appellant's actions in seeking to terminate appellee's contract were of that character.

Accordingly, we hold that the bad faith, vexatious, wanton, obdurate or oppressive conduct exception to the "American rule" that attorney fees are not recoverable in the absence of statutory authorization is not properly presented in the instant cause. Therefore, we need not determine, under the facts of this case, whether the rule of law expressed in *Roberts* v. *Mason, supra,* should be extended beyond its present limitations.

For the foregoing reasons, the judgment of the Court of Appeals, affirming the allowance of attorney fees, is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

"b. The defendant failed to present proof to sustain the charges against plaintiff.

"c. The defendant erred in admitting material testimony of witnesses who themselves were members of the defendant board conducting the hearing, who had issued the charges against plaintiff, and who were required to pass upon the credibility of their own testimony.

"d. The defendant failed to comply with rules of evidence in the conduct of the hearing.

"e. The defendant failed to give plaintiff adequate notice of the specific charges against him.

"f. Some members of defendant board who participated in the conduct of the hearing and in the determination of the issue presented to it were biased and prejudiced against the plaintiff, thus preventing him from having a fair hearing before an impartial tribunal.

"g. The hearing conducted by the defendant was procedurally defective.

"h. The statute under which the defendant conducted the hearing is unconstitutional on its face, and as applied in the instant matter.

"i. For other procedural and substantive error appearing in the record and transcript of the proceedings of the defendant board."