OPINION
In 1979, appellee, Colony Square Partners (then known as Colony Square Limited Partnership), entered into a lease agreement with Bresler Malls, Inc. The lease agreement concerned space No. 124 in Colony Square Mall in Zanesville, Ohio. This agreement gave Bresler the right to enter into a franchise/sublease arrangement with someone to operate a "Bresler's 33 Flavors" ice cream store in said space.
In 1981, Bresler entered into a sublease agreement with appellants, Albert Nader, Vivian Nader and Mandy Foods Corporation, for the ice cream store operation. Sometime after appellants began operating the store, a dispute arose between appellants and Bresler. A lawsuit ensued (Case No. 83-527) which was resolved by an agreed judgment entry filed July 17, 1985 (hereinafter "1985 agreement"). Appellee was not a party to this litigation. The thrust of the agreement was for Bresler to assign all of its rights and obligations under the base lease with appellee to appellants with Bresler remaining secondarily liable to appellee. Pursuant to this agreement, appellee sought to procure appellants' signatures on a document establishing the lease relationship between appellee and appellants. For over three years, appellants refused to sign an agreement. Based upon this refusal, appellee concluded appellants were month-to-month tenants and increased appellants' rent by $125. Subsequently, on February 28, 1991, appellee filed a complaint for declaratory judgment against appellants and Bresler to determine the nature of appellants' tenancy.
On December 30, 1994, appellee filed a supplemental complaint adding a claim for monetary damages based upon appellants' failure to pay rent and other charges. A trial was scheduled for May 23, 1995.
On March 6, 1995, Bresler filed a motion for summary judgment. Prior to trial, the trial court granted the motion and journalized the decision on September 27, 1995.
The declaratory judgment phase of the case was tried to the court via joint stipulations and exhibits and briefs submitted by the parties. By decision and judgment entry filed November 17, 1995, the trial court found appellants were month-to-month tenants.
On August 26, 1996, appellee filed a motion for summary judgment on the damages phase of the case. By judgment entry filed June 19, 1997, the trial court granted said motion and ordered appellants to pay appellee $27,681.84.
On July 14, 1994, appellants filed a notice of appeal. Appellee filed a cross-appeal on July 24, 1997. This matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN FINDING THAT THERE EXISTED A MONTH TO MONTH TENANCY.
II
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE ISSUE OF DAMAGES.
CROSS-ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN FAILING TO AWARD COLONY SQUARE ITS ATTORNEYS' FEES.
CROSS-ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN GRANTING BRESLER'S MOTION FOR SUMMARY JUDGMENT.
 I
Appellants claim the trial court erred in finding a month-to-month tenancy as opposed to a lease with a specific duration. We disagree.
During the pendency of the declaratory judgment action relating to appellants' tenancy, appellee filed a forcible entry and detainer action against appellants for failure to pay rent (Case No. 94CVG00875). This action was settled via an agreed judgment entry filed December 6, 1994 (hereinafter "1994 agreement"). Said entry provided appellants "shall vacate and leave the premises * * * on or before January 3, 1995." Appellants argue this language created a lease of a specific duration and the doctrine of res judicata applies,
"[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
In the May 17, 1995 joint written stipulations of the parties, appellants admitted they have never signed a lease with appellee as anticipated by the 1985 agreement between appellants and Bresler which provided as follows at paragraph 5:
 A. The Naders shall continue to endeavor and use their best efforts to procure from General Growth [appellee's management company] an assignment of lease, and shall direct that an original copy of the assignment be delivered no later than three (3) days subsequent to execution of such Assignment Agreement to Bresler Malls, Inc.;
 B. It is the essence of this agreement that the parties hereto have an opportunity to review and agree upon the language of the Lease Assignment and it is the essence of this agreement that General Growth, the landlord, execute and deliver a Consent to Assignment of Lease. In the event that such an Assignment or Consent is not forthcoming, or the terms are not otherwise mutually agreeable, it is the intent that this Agreement shall not be dispositive of all other issues attended herein;
We find the 1994 agreement between the parties specifically exempted any issue of moneys due and owing as to the monthly rent payments. The 1994 agreement stated "[i]t is understood that the amount of the proper monthly payment to be returned and the service charges are a point of dispute between the parties, that nothing in this Entry shall be construed as establishing that amount." Given this language and the undisputed facts of the joint stipulations in light of the 1985 agreement, we find the cited language of the 1994 agreement not to be res judicata on the tenancy issue.
There exists no written lease between appellants and appellee. Appellants refused to enter into any agreement or assignment of the Bresler lease. We can only conclude as the trial court did that absent a written lease agreement, appellants' tenancy is a month-to-month tenancy.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in determining damages without an evidentiary hearing and in disposing of the damages claim via a summary judgment motion. We disagree.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
In the May 17, 1995 joint written stipulations of the parties, appellants admitted "[s]ince February 1, 1988, the Defendants Nader have made no payments to Colony Square for rent and other monthly charges other than those listed in Exhibit A, attached hereto." Exhibit A lists the monthly payments made by appellants to appellee from February 1988 to January 1995. With these undisputed facts and the trial court's determination of month-to-month tenancy, the trial court was not faced with any genuine issues of material fact.
Assignment of Error II is denied.
 CROSS-ASSIGNMENT OF ERROR I
Appellee claims the trial court erred in failing to award attorneys' fees. We disagree.
Appellee bases its claim for attorneys' fees on paragraph 43 of the original lease between appellee and Bresler. As the trial court properly found, there was no privity of lease between appellee and appellants therefore, appellee cannot use paragraph 43 to enforce their right to attorneys' fees. The prevailing party cannot recover attorneys' fees as part of the cost of litigation in absence of statutory authority. Sorin v.Warrenville Height School District Bd. of Education (1976),46 Ohio St.2d 177.
Cross-Assignment of Error I is denied.
 CROSS-ASSIGNMENT OF ERROR II
Appellee claims the trial court erred in granting Bresler's motion for summary judgment. Based upon this court's judgment entry filed March 13, 1998, this assignment of error is moot.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. CT97-0021
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.