OPINION
Defendants-appellants Jerry Thomas and Debra Groom appeal from the June 3, 1999, Judgment Entry of the Stark County Court of Common Pleas awarding appellee Nick Samad $53,270.00 in attorney fees.
 STATEMENT OF THE FACTS AND CASE
On May 7, 1993, appellee Nick Samad was arrested for trafficking in food stamps based upon an arrest warrant issued in the name of Husam Samad, appellee's brother. Ten days later, the charges were dismissed for lack of an identification. On November 4, 1996, appellee filed a complaint in the Stark County Court of Common Pleas against appellants City of Canton, Canton Police Sergeant Jerry Thomas, Canton Police Officer Debra Groom and numerous law enforcement officers for unlawful arrest, search, seizure and imprisonment, false arrest, wrongful imprisonment, assault and battery, negligent or reckless use of excessive force by appellants Thomas and Groom, negligent hiring and training of such officers and malicious prosecution. A Motion for Summary Judgment on the basis of immunity was filed by appellants on July 28, 1997. Appellee filed a response to the same on September 17, 1997. Pursuant to an order filed on October 14, 1997, the trial court granted summary judgment on Samad's claims of unlawful arrest, search, seizure and imprisonment, assault and battery and negligent or reckless use of excessive force. However, the trial court denied the motion for summary judgment as to the remaining claims. Appellants timely appealed the trial court's October 14, 1997, order. This Court, pursuant to an Opinion filed on May 18, 1998, affirmed the judgment of the Stark County Court of Common Pleas in part and reversed such judgment in part. In our decision, we specifically held that the trial court had erred in failing to grant appellant City of Canton's motion for summary judgment based on sovereign immunity but that the trial court had correctly overruled the motion for summary judgment as to appellants Thomas and Groom. Thereafter, a jury trial commenced on February 23, 1999. On February 26, 1999, the jury returned with a verdict in favor of appellee and against appellants Jerry Thomas and Debra Groom and awarded appellee damages in the amount of $11,630.00. The jury also responded to four interrogatories. Interrogatory one specifically read as follows:
 "Do you find by a preponderance of the evidence that the Defendants, or either of them acted maliciously, in bad faith, or in a wanton or reckless manner when they, or either of them arrested or participated in the arrest of Plaintiff on May 7, 1993?"
The jury circled "Yes" with respect to both appellant Thomas and appellant Groom and also circled the phrase "reckless manner." Interrogatory two specifically read, in part, as follows:
 ". . . do you find by a preponderance of the evidence that the Defendant(s) or either of them committed false arrest, malicious prosecution, or false imprisonment regarding the Plaintiff?"
In addition to responding "Yes" with respect to both appellant Thomas and appellant Groom, the jury circled the phrase "false imprisonment." Pursuant to an assignment notice filed on April 15, 1999, the trial court scheduled a hearing on costs and attorney fees for April 29, 1999. On April 29, 1999, appellants filed a brief in opposition to appellee's request for attorney fees. Thereafter, appellee, on May 13, 1999, filed a Motion for Attorney Fees to which appellants filed a response a week later. The trial court, pursuant to a Judgment Entry filed on June 3, 1999, granted appellant's Motion for Attorney Fees, holding as follows:
 "Upon the verdict of the jury rendered in favor of the Plaintiff, Nick Samad, and the jury's finding that the Defendants, Jerry Thomas and Debra Thomas (sic), acted maliciously, in bad faith, or in a wonton (sic) or reckless manner when they participated in the arrest of Plaintiff on May 7, 1993, and that the Defendants in committing false arrest, malicious prosecution or false imprisonment proximately caused damages to the Plaintiff for which money damages were awarded to him, it is ORDERED, ADJUDGED, AND DECREED:
 1. that the Plaintiff, Nick Samad, shall recover from the Defendants, Jerry Thomas and Debra Groom, the sum of $11,630.00 together with the costs of this action under authority of Civ.R. 54; and
 2. upon the evidence of attorney fees presented by the Plaintiff, that he shall recover from the Defendants such fees in the amount of $53,270.00."
It is from the trial court's June 3, 1999, Judgment Entry that appellants prosecute their appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE COURT ERRED BY AWARDING ATTORNEY FEES TO PLAINTIFF PURSUANT TO 42 U.S.C. SECTION 1988.
 ASSIGNMENT OF ERROR II THE COURT ERRED BY AWARDING ATTORNEY FEES TO PLAINTIFF IN THE ABSENCE OF AN AWARD OF PUNITIVE DAMAGES AND FINDING OF MALICE BY THE JURY.
 ASSIGNMENT OF ERROR III THE COURT ERRED BY AWARDING ATTORNEY FEES TO PLAINTIFF WITHOUT A FINDING OF BAD FAITH.
 ASSIGNMENT OF ERROR IV THE COURT ERRED IN AWARDING ATTORNEY FEES TO PLAINTIFF BY FAILING TO COMPLY WITH OHIO REV. CODE 2315.18 AND 2315.15.
 I, II, III, IV
Appellants, in their four assignments of error, challenge the trial court's award of attorney fees to appellee. Appellants specifically maintain that the trial court erred in awarding attorney fees to appellee pursuant to 42 U.S.C. § 1988 and in the absence of an award of punitive damages and a finding of malice by the jury. Appellants further contend that the trial court erred in awarding attorney fees to appellee without a finding of bad faith and by failing to comply with R.C. 2315.18
and 2315.21. Ohio follows the "American Rule" which provides that each party is responsible for their own attorney's fees except as provided for in certain statutory actions or when the opposing party is found to have acted in bad faith, vexatiously, wantonly, obdurately, for oppressive reasons, or the party somehow engaged in malicious conduct. Sorin v. Board of Educ. of Warrensville Heights Sch. Dist. (1976), 46 Ohio St.2d 177, 180-81. Attorney fees, which are punitive in nature, may also be awarded where there has been a finding of actual malice and an award of punitive damages. Digital Analog Design Corp. v. North Supply Co. (1992),63 Ohio St.3d 657. See also Frenz v. Hoover (March 3, 1997), Stark App. No. 1996CA00096, unreported. We concur with appellant that attorney fees are not recoverable in the case sub judice under any of the above theories. Neither 42 U.S.C. § 1988
nor Civ.R. 54(D) authorizes an award of attorney fees in this matter. 42 U.S.C. § 1988 provides, in relevant part, that in any action or proceeding to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs, . . .". While appellee, in his complaint, filed civil rights claims under42 U.S.C. § 1983, the trial court, in its October 14, 1997, Judgment Entry, granted appellants' motion for summary judgment as to such claims. Since appellants, therefore, were not the prevailing party in a civil rights action, appellants were not entitled to attorney fees under 42 U.S.C. § 1988. Moreover, since, therefore, there is no statutory authority for an award of attorney fees, appellee is not entitled to attorney fees under Civ.R. 54(D). See Vance v. Roedersheimer (1992), 64 Ohio St.3d 552. Moreover, pursuant to Digital and Frenz, supra, without a finding of malice and an award of punitive damages, appellee is not entitled to an award of attorney fees. As previously stated by this Court in Frenz, supra., "the requirement that a party pay attorney fees is a punitive, and thus equitable, remedy that flows from a finding of malice and an award of punitive damages." Frenz, supra., citing Digital, supra. at 662. In the case sub judice, appellee neither sought punitive damages in his complaint nor requested an instruction from the trial court regarding punitive damages or attorney fees at the time of trial. Although appellee, in his brief, concedes that he never sought punitive damages, appellee argues that an award of attorney fees is proper in this matter since appellants "neglect to inform his (sic) Court that the reason the Appellee never requested an instruction from the trial court concerning punitive damages or attorney fees was that counsel for both parties met with Judge Lile prior to the commencement of trial and agreed that the issue of attorney fees would be addressed by the court upon a finding for the Plaintiff. As a result, counsel for the plaintiff did not proffer to the court any special interrogatories for the jury, nor did counsel for the Plaintiff object to the jury instructions."
There is, however, no record of the parties' alleged agreement and, therefore, no way for this Court to discern whether appellants, in fact, objected or failed to object on the record to Judge Lile's determination that he would consider the issue of attorney fees subsequent to a finding of liability. Contrary to appellee's argument, therefore, appellants have not waived the right to raise the issue of attorney fees on appeal. As is stated above, attorney fees also can be awarded where the losing party has acted in bad faith. See Sorin, supra. While appellants argue that the trial court erred by awarding attorney fees to appellee without a finding of bad faith, as appellee states in his brief, appellee "never alleged or claimed that the Appellees (sic) acted in bad faith, nor has the Appellee ever argued that he is entitled to an award of attorney fees as a result of the Appellants' bad faith conduct." The trial court's award of attorney fees, therefore, could not have been based on bad faith. Since we find, based on the foregoing, that the trial court erred in awarding attorney fees to appellee, we need not address appellants' fourth assignment of error. Appellants' first, second and third assignments of error are sustained.
The judgment of the Stark County Court of Common Pleas is reversed.
HOFFMAN, P.J. and WISE, J. CONCUR.