OPINION
This matter presents a timely appeal and cross-appeal from a decision rendered by the Stark County Common Pleas Court, awarding attorney's fees to appellee/cross-appellant, John R. McIntosh (McIntosh).
In March 1995, appellant/cross-appellee, Osnaburg Local School District (Osnaburg), ended McIntosh's employment with the school district. On March 17, 1995, McIntosh filed a complaint in the Stark County Common Pleas Court (Case No. 1995-CV-475), naming, among others, Osnaburg as a defendant. McIntosh sought a declaratory judgment, a writ of mandamus, an injunction, and monetary damages. McIntosh alleged that he was a tenured teacher, that he should be afforded all rights and privileges pertaining to that status, and that he was entitled to continuing service status as a teacher with Osnaburg. McIntosh also advanced, among other claims, allegations of defamation.
On December 22, 1995, East Canton Education Association (ECEA) filed a declaratory judgment action in the trial court (Case No. 1995-CV-2208-1), seeking a determination that McIntosh had not attained continuing service status. In July 1996, ECEA added Osnaburg as party defendant to Case No. 1995-CV-2208-1.
On September 4, 1996, McIntosh filed a motion to consolidate both declaratory judgment actions on the basis that both cases involved the common question of whether he was a tenured teacher entitled to the protection of R.C. 3319.16. On September 25, 1996, the trial court entered judgment in favor of McIntosh on this motion.
Motions for summary judgment were filed and on January 23, 1997, the trial court filed two judgment entries. In the first entry the court found that Osnaburg had not breached any contract, had not tortiously interfered with any contract, and that McIntosh had no cognizable defamation claim. The second entry, pertinent to the present appeal, concluded that McIntosh was entitled to a continuing service contract (tenure) within the school district. Appeals were taken from both decisions.
In a decision filed March 16, 1998, the Fifth District Court of Appeals (Seventh District Court of Appeals' Judges Cox, Donofrio, and O'Neill sitting by assignment) affirmed the trial court's declaration that McIntosh was tenured and entitled to reemployment as a teacher within the school district. State ex rel. McIntosh v. Osnaburg Local School Dist. (Mar. 16, 1998), Stark App. Nos. 97-CA-50, 97-CA-56, 97-CA-60, unreported, 1998 WL 1037812. On May 19, 1999, the Ohio Supreme Court affirmed the decision of the Fifth District Court of Appeals. ECEA v.McIntosh (1999), 85 Ohio St.3d 465, reconsideration denied (1999),86 Ohio St.3d 1421, certiorari denied (1999), 528 U.S. 1061,120 S.Ct. 614, 145 L.Ed.2d 509.
Upon remand to the trial court, McIntosh filed a motion to enforce the judgment concerning his status as a teacher and requested an award of back pay and attorney's fees for successfully prosecuting and defending the declaratory judgment action, pursuant to R.C. 2721.09. On August 13, 1999, the trial court conducted an evidentiary hearing on these matters.
On November 17, 1999, the trial court determined McIntosh was entitled to an award of reasonable attorney's fees relative to only the declaratory judgment action. The trial court requested that counsel for McIntosh submit time records and charges that were specifically limited to the declaratory judgment action. The record demonstrates that counsel complied with this request.
On January 18, 2000, the trial court awarded McIntosh $35,970.23 in attorney's fees against Osnaburg. The trial court concluded that McIntosh was not entitled to attorney's fees prior to July 1, 1996 because Osnaburg was not a party to the declaratory judgment action before that date. McIntosh filed a Motion for Reconsideration of this decision. On February 1, 2000, the trial court filed a Nunc Pro Tunc Entry certifying its January 18, 2000 judgment as a final appealable order. This appeal and cross-appeal followed.
Osnaburg's first assignment of error states:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED APPELLANT BOARD OF EDUCATION TO PAY THE ATTORNEY FEES OF APPELLEE BASED UPON THE ISSUANCE OF A DECLARATORY JUDGMENT AWARD."
Prior to its revision in 1999, R.C. 2721.09 provided:
 "Whenever necessary or proper, further relief based on a declaratory judgment or decree previously granted may be given. The application there for shall be by petition to a court having jurisdiction to grant the relief. If the application is sufficient, the court shall, on reasonable notice, require any adverse party, whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."
 Generally, absent some statutory authority to the contrary, Ohio courts follow the "American Rule" which provides that parties to a legal dispute pay their own attorney's fees. Sorin v. Bd. of Edn. (1976), 46 Ohio St.2d 177. In Motorists Mut. Ins. Co. v. Brandenburg (1995), 72 Ohio St.3d 157, the Ohio Supreme Court held that R.C. 2721.09 provides a trial court with statutory authority "to assess attorney fees based on a declaratory judgment issued by the court."
Id. at 160.
Subsequent to Brandenburg, R.C. 2721.09 was revised, effective September 24, 1999, and it now states:
 "Subject to section 2721.16 of the Revised Code, whenever necessary or proper, a court of record may grant further relief based on a declaratory judgment or decree previously granted under this chapter. The application for the further relief shall be by a complaint filed in a court of record with jurisdiction to grant the further relief. If the application is sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree to show cause why the further relief should not be granted forthwith." (Emphasis added.)
Simultaneously, R.C. 2721.16 was enacted which states:
 "(A) A court of record shall not award attorney's fees to any party on a claim for declaratory relief under this chapter unless a section of the Revised Code explicitly authorizes a court of record to award attorney's fees on a claim for declaratory relief under this chapter or unless an award of attorney's fees is authorized by section 2323.51 of the Revised Code, by the Civil Rules, or by an award of punitive or exemplary damages against the party ordered to pay attorney's fees. References in another section of the Revised Code to an award of costs or expenses incurred in connection with an action or proceeding does not authorize an award of attorney's fees for purposes of this division.
 (B) Consistent with section 2721.13 of the Revised Code, the provisions of this section are remedial in nature. Notwithstanding any provision of the Revised Code in existence on the day immediately prior to the effective date of this section, notwithstanding any judicial construction prior to the effective date of this section of a statutory provision of that nature, notwithstanding the holding in any decision of a court of this state that authorized an award of attorney's fees to a party to a civil action or proceeding based on common law grounds rather than a statutory authorization of the general assembly, regardless of the date upon which a cause of action accrued that pertains to an action or proceeding in which declaratory relief is sought under this chapter, and regardless of who is the plaintiff or the defendant in an action or proceeding in which declaratory relief is sought under this chapter, division (A) of this section shall apply in connection with both of the following:
 "(1) An action or proceeding that is commenced on or after the effective date of this section and that seeks declaratory relief under this chapter;
 "(2) An action or proceeding that was commenced prior to the effective date of this section, that is pending in a court of record on that date, and that seeks declaratory relief under this chapter."
The legislative history of this statute states:
 "The General Assembly hereby declares that, in enacting section 2721.16 of the Revised Code in this act and in making conforming amendments to * * * 2721.09 * * * of the Revised Code in this act, it is the intent of the General Assembly to do all of the following:
 "(A) To supersede the effect of the holding in Motorists Mut. Ins. Co. v. Brandenburg (1995), 72 Ohio St.3d 157, and in its progeny, including Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 342-343, that the `whenever necessary or proper' and `further relief' language in section 2721.09 of the Revised Code, as it existed prior to the effective date of this act, reflected the General Assembly's conferral of authority upon an Ohio trial court to award `attorney's fees based on a declaratory judgment issued by the court';
 "(B) To recognize the dissent's accurate construction in Brandenburg of the `whenever necessary or proper' and `further relief' language in section 2721.09 of the Revised Code, as it existed prior to the effective date of this act;
 "(C) To recognize the holding of the Ohio Supreme Court in Sorin v. Bd. of Edn. (1976), 46 Ohio St.2d 177, and its progeny that Ohio follows the `American Rule' under which an award of attorney's fees to a prevailing party in a civil action or proceeding generally must be based on an express authorization of the General Assembly;
 "(D) To recognize, consistent with the `American Rule,' that authority to grant an award of attorney's fees in connection with an action or proceeding in which declaratory relief is sought under Chapter 2721. of the Revised Code must be expressly conferred by the General Assembly upon the courts of this state and has not been so conferred prior to the effective date of this act."
 As R.C. 2721.16 and its legislative history clearly indicate, Brandenburg and its interpretation of R.C. 2721.09 are no longer the law in Ohio. Therefore, R.C. 2721.09 no longer provides statutory authorization for an award of attorney's fees.
In this case, Osnaburg argues that the trial court should have applied revised R.C. 2721.09 and R.C. 2721.16 in determining whether attorney's fees were proper. Osnaburg contends that on September 24, 1999, the effective date of the revised statute, the action was still pending in the Stark County Common Pleas Court and therefore the trial court was under a duty to apply the revised statute.
In its decision dated November 17, 1999 the trial court determined that McIntosh was entitled to an award of attorney's fees relative to McIntosh's declaratory judgment action. The court noted the change in the law concerning an award of attorney's fees in a declaratory judgment action, stating:
 "The Board [Osnaburg] has presented the amendment to R.C. 2721.09 effective September 24, 1999, as a bar to attorney fees thereunder. The amendment is not applicable as the evidence in this cause was heard on August 13, 1999, prior to the effective date with the decision being rendered subsequent thereto. Had the opportunity not been requested for submission of Briefs, this decision would have been rendered before such effective date." p. 2
 Both cases (Case Nos. 1995-CV-475 and 1995-CV-2208-1) which were consolidated and comprise the present appeal were commenced in 1995, well before the effective date of R.C. 2721.16. Therefore, pursuant to R.C. 2721.16(B)(2), the application of the statute to bar an award of attorney's fees depends entirely on whether this case was "pending in a court of record" on the effective date of R.C. 2721.16, September 24, 1999.
Legislative intent is the primary concern when construing a particular statute. State ex rel. Antonucci v. Youngstown City School Dist. Bd. ofEdn. (2000), 87 Ohio St.3d 564, 565. "We must first look at the statutory language, and words and phrases used shall be read in context and construed according to the rules of grammar and common usage." Id.; R.C.1.42. The word "pending" is defined in Black's Law Dictionary (7 Ed.1999) 1154, as: "Remaining undecided; awaiting decision `a pending case'." The American Heritage Dictionary of the English Language, Third Edition (1992), Electronic ver., defines pending as: "Not yet decided or settled; awaiting conclusion or confirmation." and "Impending; imminent."
Although a trial court can, pursuant to R.C. 2505.02, enter a final judgment, which is a precondition to appeal, the Ohio Constitution additionally vested authority in the courts of appeals to enter final judgments. Section 3(B)(3), Article IV of the Ohio Constitution provides, in part:
 "A majority of the judges hearing the cause shall be necessary to render a judgment. Judgments of the courts of appeals are final except as provided in section 2(B)(2) of this article. * * *" (Emphasis added.)
 "It has long been established that an appeal is merely a proceeding in the original cause which has the effect of continuing the cause and suspending or vacating the decree of the inferior tribunal until the cause is heard in the appellate court." (Internal quotation and citations omitted.) Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 103-104, superseded by statute on other grounds as stated in Johnson v. Hilltop Basic Resources, Inc. (June 19, 1998), Greene App. No. 97-CA-50, 1998 WL 321019. Therefore, a case remains "pending" in a court, "at least until the entry of final judgment by a court of appeals considering the case upon an appeal of right." Id.
In the present case, concerning McIntosh's declaratory judgment action, the trial court entered judgment finding that McIntosh was entitled to a continuing service contract (tenure) within the school district. In a decision filed March 16, 1998, the Fifth District Court of Appeals affirmed the trial court's declaration that appellee was tenured and entitled to reemployment as a teacher within the school district.State ex rel. McIntosh v. Osnaburg Local School Dist. (Mar. 16, 1998), Stark App. Nos. 97-CA-50, 97-CA-56, 97-CA-60, unreported, 1998 WL 1037812. Therefore, since the court of appeals entered final judgment on March 16, 1998, affirming the trial court's decision regarding McIntosh's declaratory judgment action, that action no longer remained pending on that date. Furthermore, since the declaratory judgment action was no longer pending on the effective date of R.C. 2721.16, it did not operate to preclude an award of attorney's fees to McIntosh.
In the alternative, Osnaburg asserts that even assuming former R.C.2721.09 applies to the present appeal, an award of attorney's fees pursuant to R.C. 2721.09 and Brandenburg, supra, in a non-insurance setting amounts to an abuse of discretion on the part of the trial court.
Contrary to Osnaburg's assertion, the Fifth District has previously stated, "Based on our interpretation of Brandenburg, we do not find relief in the form of attorney fees, pursuant to R.C. 2721.09, is limited to insurance cases. The statute applies to any declaratory judgment action and applies to plaintiffs and defendants alike, whenever such relief is either `necessary or proper'." Northland Ins. Co. v. Merchantsand Business Men's Mut. Ins. Co. (May 17, 1999), Stark App. No. 1998CA00237, unreported, 1999 WL 333311 at *10.
Accordingly, Osnaburg's first assignment of error is without merit.
Osnaburg's second assignment of error states:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ORDERED APPELLANT BOARD OF EDUCATION TO PAY ATTORNEY FEES OF APPELLEE BASED UPON BAD FAITH."
Osnaburg avers that in addition to an award of attorney's fees pursuant to former R.C. 2721.09 the trial court awarded attorney's fees on the basis of bad faith. Osnaburg asserts that McIntosh never moved for attorney's fees on the basis of bad faith. Osnaburg contends that it was not given prior notice or an opportunity to defend against a claim of bad faith. Osnaburg concludes that it was reversible error for the trial court to award attorney's fees on the alternative basis of bad faith, where that issue was not properly before the court and it had no prior notice or opportunity to defend.
In addition to noting the change in the law concerning an award of attorney's fees in a declaratory judgment action, the trial court, in its November 17, 1999 decision, also stated:
 "As to attorney fees, the Court must exclude all legal actions or conferences which do not relate to the request to declare the Plaintiff [McIntosh] as possessing tenured teacher status.
 "Superimposed on this picture is the action taken by the Board [Osnaburg] subsequent to the decision. In this, I am not referring to the right of appeal to which the Board was entitled. However, the Board after such determination, and irrespective of its right of appeal took action to circumvent the Court's determination if the appeal failed, which it did. The Court views this action as bad faith, at least, which by itself, in addition to the incorrect decision, would warrant the granting of attorney fees under R.C. 2721.09 as it existed at the time of the hearing on August 13, 1999." p. 4
As stated earlier, generally, absent some statutory authority to the contrary, Ohio courts follow the "American Rule" which provides that parties to a legal dispute pay their own attorney fees. Sorin v. Bd. ofEdn. (1976), 46 Ohio St.2d 177. Another noted exception to the "American Rule" in Ohio is bad faith conduct by one of the parties. The Ohio Supreme Court has held that a finding of bad faith against a party may force that party to pay the attorney's fees of the prevailing party.Motorists Mut. Ins. Co. v. Brandenburg (1995), 72 Ohio St.3d 157, 158;Krasny-Kaplan Corp. v. Flo-Tork, Inc. (1993), 66 Ohio St.3d 75, 78; Vancev. Roedersheimer (1992), 64 Ohio St.3d 552, 556; State ex rel. Durkin v.Ungaro (1988), 39 Ohio St.3d 191, 193-194; Sorin,46 Ohio St. 2d at 181-183.
As its decision indicates, the trial court appeared to be under the impression that former R.C. 2721.09 authorized an award of attorney's fees upon a finding of bad faith. This is incorrect. Neither the plain language of R.C. 2721.09 or the case law interpreting that statute support the proposition that it provides for an award of attorney's fees predicated upon a finding of bad faith. Rather, the bad faith exception has developed as a common law exception to the "American Rule."
The trial court's reference to bad faith raises the issue of what grounds the court relied upon in support of its award of attorney's fees. As we indicated under Osnaburg's first assignment of error, the trial court acknowledged the amendment to R.C. 2721.09. However, since the evidence concerning attorney's fees was heard on August 13, 1999, prior to the effective date of the amendment, the court found the amendment inapplicable and applied the law as it existed prior to the amendment which allowed for an award of attorney's fees in a declaratory judgment action. Yet, the court goes on to also find that bad faith on the part of Osnaburg allowed for an award of attorney's fees. After a complete reading of the court's decision, it is unclear whether it was relying in part on both grounds or considered both independent grounds.
Despite the confusion, we need not reach the issue of which ground the court relied upon or whether the court abused its discretion in awarding attorney's fees based on the alleged bad faith of Osnaburg. Under Osnaburg's first assignment of error, we concluded that former R.C.2721.09 and the case law interpreting it to allow an award of attorney's fees in a declaratory judgment action were controlling in this case. That finding constitutes sufficient and independent grounds upon which to base our affirmance of the trial court's decision in that regard.
Accordingly, Osnaburg's second assignment of error is moot.
Osnaburg's third assignment of error states:
 "THE TRIAL COURT ERRED WHEN IT ORDERED APPELLANT BOARD OF EDUCATION TO PAY APPELLEE ATTORNEY FEES OF THIRTY-FIVE THOUSAND NINE HUNDRED SEVENTY DOLLARS AND TWENTY-THREE CENTS (35,970.23)."
Under this assignment of error, Osnaburg does not question the reasonableness of the hourly rate but simply the total number of hours spent in relation to the declaratory judgment action. Osnaburg contends that there is no way to tell which items in the billings were attributable to the declaratory action. In support, Osnaburg claims that there was insufficient evidence to support the award of attorney's fees. Osnaburg avers that the amount awarded based on insufficient evidence constitutes an abuse of discretion on the part of the trial court.
In the alternative, Osnaburg suggests that since McIntosh can be found to have prevailed in only two-sevenths of his complaint, McIntosh should only be entitled to two-sevenths of his attorney's fees request of $63,435.87, or approximately $18,000.00.
With regard to former R.C. 2721.09, the Ohio Supreme Court stated that the only limitation placed upon a trial court in granting attorney's fees is that such relief must be necessary and proper. Motorists Mut. Ins.Co. v. Brandenburg (1995), 72 Ohio St.3d 157, 160. The trial court's award of attorney's fees will not be disturbed on appeal absent an abuse of discretion. Id. at syllabus. "Abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Tracy v. MerrellDow Pharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
In the present appeal the record is clear that a hearing was conducted on August 13, 1999, and that the trial court requested billing documentation from McIntosh only in relation to the declaratory relief action. It is also evident from the November 17, 1999 judgment entry that the trial court's award of attorney's fees was well within its discretion.
The judgment entry reveals that the trial court reviewed McIntosh's billing documentation and concluded what portion related solely to the declaratory action and awarded attorney's fees accordingly. Further, the judgment entry indicates that the trial court based its determination not only on McIntosh's documentation but also on evidence presented at the hearing as well as the memoranda filed by each party. Osnaburg points to no instance where the trial court's attitude was unreasonable, arbitrary, or unconscionable.
Accordingly, Osnaburg's third assignment of error is without merit.
McIntosh sets forth two cross-assignments of error on appeal. Since they have a common basis in law and fact, they will be addressed together. Respectively, they state:
 "THE TRIAL COURT ERRED IN DETERMINING THE OSNABURG LOCAL SCHOOL DISTRICT BOARD OF EDUCATION WAS NOT A PARTY TO THE DECLARATORY JUDGMENT ACTION BEFORE JULY, 1996.
 "THE TRIAL COURT ERRED IN FAILING TO AWARD JOHN R. McINTOSH ATTORNEY FEES FOR LEGAL WORK WHICH WAS PERFORMED ON HIS BEHALF REGARDING THE DECLARATORY JUDGMENT ACTION FOR THE PERIOD OF MARCH 17, 1995 THROUGH JULY, 1996."
McIntosh avers that the trial court erred in excluding approximately sixteen months (from March 17, 1995 to July of 1996) of legal work regarding the declaratory judgment action. McIntosh contends that the trial court should have awarded $63,435.87 in attorney fees. McIntosh bases this argument on the fact that Osnaburg was party to the declaratory judgment action on March 17, 1995, when Case No. 1995-CV-00475 was filed in the Stark County Common Pleas Court.
The record is clear that Case No. 1995-CV-00475, filed by McIntosh, was the original action to the present appeal. The original action marks the first case in which McIntosh sought declaratory relief sustaining his right to tenure in the Osnaburg Local School District. The record reveals that Osnaburg was the original defendant in this action and continued to remain a defendant when Case No. 1995-CV-00475 was consolidated with Case No. 1995-CV-02208.
Accordingly, McIntosh's two cross-assignments of error are with merit.
The judgment of the trial court is hereby affirmed to the extent that it awarded $35,970.23 in attorney's fees to McIntosh relating to his declaratory judgment action. The judgment of the trial court is hereby reversed to the extent that it did not award McIntosh attorney's fees relating to his declaratory judgment action for the period of March 17, 1995 to July, 1996. This matter is hereby remanded to the trial court for a determination of what attorney's fees McIntosh incurred relating solely to his declaratory judgment action for the time period March 17, 1995 to July, 1996, with instructions to enter an award equal to that amount in favor of McIntosh.
Gene Donofrio, Judge.
Vukovich, J. and Waite, J.