{¶ 34} Under the "American Rule," each party involved in litigation is responsible for his or her own attorney fees. Sorin v.Warrensville Heights Bd. of Edn. (1976), 46 Ohio St.2d 177, 179. Therefore, absent statutory authority or contractual obligation, a prevailing party may recover attorney fees only when there has been a substantial showing of bad faith. GMS Mgt. Co., Inc. v. Ostrow (Nov. 17, 1989), 11th Dist. No. 88-L-13-138, 1989 Ohio App. LEXIS 4309.
 {¶ 35} In the case at bar, the majority states that appellant deliberately withheld money owed to Clem. It further states that appellant did so to gain leverage in a dispute regarding the written contract for the Steiners home. Based upon this evidence, the majority concludes that attorney fees were properly awarded because appellant's deliberate withholding of funds from Clem constituted bad faith. It also holds that such evidence supports the trial court's finding that appellant acted intentionally, willfully, and wantonly in breaching the contract. I disagree.
 {¶ 36} A party's deliberate or willful breach of a contract, by itself, does not equate to bad faith. It has often been stated that contracts were made to be broken. The truth in that statement lies in the fact that frequently it can be a sound business decision to breach a contract. For example, a party may decide that it is in its financial best interest to breach its retail lease because of a worsening economy. The party's decision would be based on the conclusion that it would be cheaper to pay contract damages than the cost of maintaining a retail operation for the balance of the lease. The decision is willful and deliberate, but it does not constitute bad faith. Accordingly, evidence of a deliberate and willful breach of a contract should not be, per se, a substantial showing of bad faith.
 {¶ 37} To hold that a substantial showing of bad faith can be based solely upon evidence of a deliberate breach is contrary to the "American Rule." It is historic that parties pay their own attorney fees in actions for breach of contract. See, e.g., Gahana v. EastgateProperties, Inc. (1988), 36 Ohio St.3d 65.
 {¶ 38} The party's breach must exhibit more than a deliberate or willful act. It must demonstrate that substantial bad faith is present. See, e.g., Sorin at 183. Bad faith imports a "`breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'"Fox v. Daly (Sept. 26, 1997), 11th Dist. No. 96-T-5453, 1997 Ohio App. LEXIS 4412, at 10, quoting Cook v. Hubbard Exempted Village Bd. of Edn.
(Nov. 29, 1996), 11th Dist. No. 95-T-5224, 1996 Ohio App. LEXIS 5411.
 {¶ 39} Here, appellant's breach occurred in order to protect appellant's business interest. Although appellant's breach was willful and deliberate, there was no evidence of ulterior motive or ill will partaking in the nature of fraud by appellant. Furthermore, there is no evidence that appellant's actual intent when entering into the original written contract and any subsequent oral modification was to mislead or deceive any of the parties involved. Instead, appellant's sole intent or motive for deliberately breaching a known duty owed to Clem, was to indirectly enforce its own rights under the written contract with the Steiners[1].
 {¶ 40} For these reasons, I would hold that appellant's willful and deliberate breach of a known duty under these facts did not equate to a substantial showing of bad faith. Appellant's deliberate breach was an attempt to enforce his own rights in a collateral contract. Thus, the trial court erred in awarding attorney fees.
 {¶ 41} For these reasons, although I concur in judgment only with respect to the majority's analysis of appellant's first and third assignments of error, I respectfully dissent with its disposition of appellant's second assigned error.
[1] The contract required the Steiners to pay any overages due once appellant completed construction. As noted in the majority's opinion, the Steiners had stopped payment of a check issued to appellant to cover the overages. As a result, appellant ceased paying Clem for the installation of the septic system.