OPINION
{¶ 1} Defendant-appellant Stephen Chapman appeals the November 28, 2003 Judgment Entry of the Fairfield County Court of Common Pleas awarding plaintiff-appellant Elaine Hoch compensatory damages and attorney fees.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 25, 2003, the parties entered into an oral agreement by which appellant agreed to perform a construction project for appellee. Appellee paid appellant upfront, and appellant signed a receipt for the original agreed upon price of $3000.
 {¶ 3} As the job proceeded, the agreement was orally modified to include additional work and services. The parties dispute the agreed hourly rate of appellant's services. Appellant performed various errands and chores, and purchased an air compressor for appellee. Appellee alleges appellant failed to provide written estimates for the work; charged her for a saw he purchased for himself, and for the trip to pick up the saw and the air compressor for her; and added personal expenses to fuel purchases which he charged to appellee. At trial, appellant could not produce all of the receipts for purchases of services. Moreover, appellant borrowed additional monies from appellee, to be repaid in money or services. Appellee paid appellant $16,926. The parties then fell into disagreement and terminated their agreement.
 {¶ 4} On August 22, 2002, appellee initiated this action against appellant seeking $3,200 for his failure to perform as agreed upon, $6,000 for his defaulting on money borrowed, and requesting pre-judgment and post-judgment interest and attorney fees. Following a bench trial, the trial court, via a November 28, 2003 Judgment Entry, awarded appellee compensatory damages in the amount of $6,211.83, and attorney fees in the amount of $3,169.73.
 {¶ 5} It is from the trial court's November 28, 2003 Judgment Entry appellant now appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court erred in finding by a preponderance of the evidence that appellee should be awarded compensatory damages in the amount of $6,211.83, and this constitutes an abuse of discretion.
 {¶ 7} "II. The trial court erred in finding by a preponderance of the evidence that appellee should be awarded attorney fees, and this constitutes an abuse of discretion.
 {¶ 8} "III. The trial court erred in finding by a preponderance of the evidence that appellee should be awarded attorney fees, and this constitutes plain error, whether or not objected to.
 {¶ 9} "IV. The trial court erred in finding by a preponderance of he evidence that the amount of attorney fees awarded was reasonable."
 I {¶ 10} Appellant's first assignment of error argues the trial court erred in awarding appellee compensatory damages.
 {¶ 11} Our standard of review is manifest weight of the evidence. Accordingly, a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed on appeal. C.E. Morris v. FoleyConstruction (1978), 54 Ohio St.2d 279.
 {¶ 12} Ohio courts have found that, once a right to damages has been established, that right cannot be denied because damages are incapable of being calculated with mathematical certainty.Pennant Moldings, Inc. v. C J Trucking Co. (1983),11 Ohio App.3d 248. However, the amount of damages must be susceptible of ascertainment in some manner other than by mere speculation, conjecture or surmise. See also: 30 Ohio Jurisprudence 3d, 14 Damages 24-5.
 {¶ 13} As the primary fact finder, the trial court was entitled to evaluate the credibility of the witnesses and weigh the evidence presented. A reviewing court will not disturb a trial court's assessment of damages without an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive or inadequate. Moskovitz,69 Ohio St.3d at 655, 635 N.E.2d 331. Otherwise, the assessment of damages is thoroughly within the province of the trial court. Id.
 {¶ 14} As an appellate court, "[o]ur role in assessing credibility is very limited because we do not have the same opportunity that the trier of fact has in being able to see the witnesses testify and their demeanor while they testified. Instead, we have only the printed words of the record." Keetonv. Hinkle (March 10, 2000), Morrow App. No. CA 871, citingGould v. Pinnacle Properties, Inc. (June 26, 1998), Warren App. No. CA97-11-120, unreported, at 3. We do not find any evidence in the record indicating the trial court erred in awarding compensatory damages. In determining the amount of damages to award, the trial court, in addition to reviewing the evidence concerning damages, must also consider the credibility of the witness who present the evidence. Id. The trial court relied upon the testimony presented by appellant and the exhibits admitted at trial in determining whether to award compensatory damages, and the amount thereof. The record does not demonstrate the trial court's award was against the manifest weight of the evidence.
 {¶ 15} The first assignment of error is overruled.
 II, III, IV {¶ 16} Appellant's second, third and fourth assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 17} Appellant maintains the trial court abused its discretion in awarding appellee attorney fees. Appellant did not object to the trial court's award of attorney fees at trial, but did object to the amount awarded. Appellant maintains the statement presented as evidence by appellee at trial did not detail the amount of time or the service performed; therefore, the trial court could not determine whether the fees were reasonable.
 {¶ 18} It is well-established that an award of attorney fees is within the sound discretion of the trial court, and will not be overruled absent an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. See, Rand v. Rand (1985), 18 Ohio St.3d 356, 359.
 {¶ 19} Attorney fees are not recoverable by the prevailing party absent a statute providing for such an award. See Sorin v.Bd. of Edn. (1976), 46 Ohio St.2d 177, 75 O.O.2d 224,347 N.E.2d 527. See, also, Shimman v. Internatl. Union of OperatingEngineers (C.A. 6, 1984), 744 F.2d 1226. "As a general rule, the costs and expenses of litigation, other than the usual court costs, are not recoverable in actions for damages, and ordinarily no attorney fees are allowed. * * *" Gustafson v. Cotco Enter.
(1974), 42 Ohio App.2d 45, 52, 71 O.O.2d 264, 269,328 N.E.2d 409, 414. This rule is often called the "American rule" and is followed in Ohio. See Sorin, supra, 46 Ohio St.2d at 179, 75 O.O.2d at 225, 347 N.E.2d at 529.
 {¶ 20} The exception to this rule arises when the opposing party has acted in bad faith. See Shimman, supra,744 F.2d at 1229. If bad faith is found, attorney fees may be awarded. See,Gates v. Toledo (1897), 57 Ohio St. 105, 48 N.E. 500.
 {¶ 21} Upon review of the trial court's November 28, 2003 Judgment Entry, the trial court did not make a finding appellant acted in bad faith warranting an exception to the American rule concerning the payment of attorney fees.
 {¶ 22} Further, a party seeking an award of attorney fees has the burden of demonstrating the reasonable value of such services. Davis v. Reed (June 20, 1996), Cuyahoga App. No. 68699. A review of the record demonstrates appellee did not demonstrate the reasonable value or sufficiently explain the submitted statement, and the trial court did not have before it evidence of the same.
 {¶ 23} Based on the above, we sustain appellant's second, third and fourth assignments of error, and vacate the trial court's award of attorney fees, and remand the issue of attorney fees for redetermination in accord with this opinion.
 {¶ 24} The November 28, 2003 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed, in part, and vacated in part and remanded.
Hoffman, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the November 28, 2003 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed in part and vacated in part and remanded for further proceedings in accordance with our opinion and the law.